■    In the Matter of PHILIP P. DI PASQUALE, Appellant, v. GEORGE A. HASKINS et al., Constituting the Zoning Board of Appeals of the Town of Webster, Respondents.— Judgment unanimously reversed, without costs of this appeal to any party, determination annulled, and matter remitted to respondents for a new hearing on petitioner's application. Memorandum: Petitioner appeals from a judgment of Monroe Special Term which dismissed his petition to annul respondents' determination revoking a certificate of occupancy theretofore issued by the Town Building Inspector. In September, 1963, respondents granted petitioner's application for a use district exception permitting him to construct a professional office building in a residential zone subject to several conditions, one of which required that the basement area be used only for storage for space rented above on the main floor. Section

15 of the zoning ordinance made it unlawful for petitioner to use the building until a certificate of occupancy had been issued by the Building Inspector. On June 11, 1964 petitioner applied for a certificate of occupancy, alleging that the structure had been erected in accordance with the approved plans and the applicable provisions of law. Thereupon a certificate was issued stating that the building conformed substantially to the approved plans and specifications. It provided that the certificate of occupancy was summarily revokable if any statement contained in the application was false. There is no provision in the ordinances for revocation of such a certificate and there is no claim of any falsity in the application. Thereafter, in July, 1964, petitioner leased the basement and installed plumbing and partitions therein in violation of the fifth condition of the use district exception. For such violation petitioner could have been prosecuted under section 20 of the ordinances and upon conviction could have been fined or imprisoned. The remedy of injunction was also available against him. (Anderson, Zoning Law and Practice in New York State, § 23.01.) These remedies were not invoked however, and on July 30, 1964 the Building Inspector informed petitioner by letter: "under condition No. 5 the lower portion of your building * * * was to be used for storage only. * * * the lower floor is now being used commercially. Will you therefore apply to the Webster Zoning Board for approval for such variance as necessary to use the lower floor for commercial purposes." Such an application was made for extension of the use district exception and at a hearing thereon on September 8, 1964, respondents adopted a resolution which is the determination that petitioner seeks to annul. It recites that the application is made for extension of the use district exception granted September 19, 1963 to permit use of the ground floor for draftsmen, and to permit use of the premises for parking and landscaping. The determination finds that upon substantial completion of the structure, certificate of occupancy No. 1187 was issued by the office of the Building Inspector on June 11, 1964; that subsequently there were negotiations for draftsmen to occupy the lower level; that thereafter petitioner made additions to the building, in the month of July subsequent to issuance of the certificate of occupancy. No determination was made on petitioner's application for extension of the use district exception but the following resolution was adopted: " since Mr. Di -Pasquale had failed to comply with the original Use District Exception and had deliberately violated its terms * * * unanimously resolved that the Building Inspector be directed to notify Mr. Philip Di Pasquale that the Certificate of Occupancy No. 1187 was revoked." A certificate of occupancy is complementary to a building permit which in effect says that what the applicant proposes to do will be in conformity with pertinent ordinance provisions. The certificate of occupancy certifies that what has actually been done conforms substantially to the approved plans and specifications (2 Rathkopf, Law of Zoning and Planning, pp. 55–20). In this case the certificate of occupancy was regular and valid when it was issued. In our opinion it could not be revoked for changed conditions subsequent in time to the granting of it. (Appeal from judgment of Monroe Special Term affirming a decision of Webster Zoning Board of Appeals which denied petitioner's application for an extension of a district use exception and directed the Building Inspector to revoke certificate of occupancy.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.