■ RUTH CAPLIN, Respondent-Appellant, v. JOSEPH CAPLIN, Appellant-Respondent.— In an action for separation and to recover chattels (a watch and two rings), in which defendant counterclaimed for conversion (U. S. Savings Bonds and money), (1) the parties cross-appeal from a judgment of the Supreme Court, Westchester County, dated January 15, 1968, and an order of said court dated January 25, 1968 which amended said judgment; and (2) defendant also appeals from four orders of said court dated, respectively, March 28, 1966, July 11, 1966, June 16, 1967, and January 8, 1969. The judgment granted plaintiff a separation and, *inter alia,* determined the replevin and conversion causes. Defendant's appeals therefrom and from the amending order of January 25, 1968, as limited by his notices of appeal and his brief, are from so much thereof as (1) pertains to temporary and permanent alimony, child support and counsel fees and (2) determined the counterclaim. Plaintiff's appeal from the judgment and said order, as limited by her brief, is from so much thereof as fixed the awards of alimony and child support and determined the counterclaim. The order of March 28, 1966 granted plaintiff temporary alimony, child support and counsel fees; the order of July 11, 1966 modified said order; and the order of June 6, 1967 contained further provisions with respect to those subjects. The order of January 8, 1969, *inter alia,* directed defendant to make certain payments with respect to the college education of the parties' infant daughter. Appeals from orders of March 28, 1966, July 11, 1966 and June 16,

1967 dismissed, without costs. These orders are not reviewable under CPLR 5501. If reversed or modified they would not affect the foundation of the judgment of separation or render the judgment and the trial of the action invalid and without support (*Koziar* v. *Koziar,* 281 App. Div. 771; *Matter of Seltzer* v. *Wendell,* 11 A D 2d 805). Order of January 8, 1969 modified, on the law and the facts and in the exercise of discretion, as follows: (1) the fifth and sixth decretal paragraphs, which direct payments to be made with respect to college tuition for their child and other expenses of the child while she was a college student, are struck out; and (2) plaintiff's motion to compel defendant to make such payments is denied, without prejudice to a renewal thereof after plaintiff shall have used and exhausted the funds she has been directed to hold in trust for the daughter pursuant to the eighth and ninth decretal paragraphs of the judgment. As so modified, order affirmed, without costs. Under paragraphs eighth and ninth of the judgment, plaintiff was directed to hold the proceeds of the bonds, which defendant claimed she had converted, in trust for their daughter's college education. After said trust funds are used up for that purpose it might be appropriate for plaintiff to ask for further payments for their daughter's college education, which might be allowed in the light of the circumstances then existing. Judgment of January 15, 1968 and order of January 25, 1968 modified, on the law and the facts, to the extent of reducing the award of an additional counsel fee from $7,500 to $6,000, and accordingly reducing the balance thereof to be paid by defendant from $5,000 to $3,500. As so modified, judgment and order affirmed insofar as appealed from, without costs. In our opinion, upon the facts disclosed by this record, the award of additional counsel fees was excessive. The determination by the Trial Justice of defendant's counterclaim concerning the alleged conversion by plaintiff of $8,500 of U. S. Government bonds, purchased by him and registered in the names of both the parties as co-owners, is a correct result. It is authorized by section 240 of the Domestic Relations Law, which provides that in a separation action the court may direct either parent to provide for the education of an infant child of the marriage. Thus, the question of whether these bonds had been a gift to plaintiff, in whole or in part, became immaterial because the Trial Justice, as permitted by this statute, in his discretion could appropriately require that the proceeds of the bonds be used for the daughter's education. Plaintiff contends that due to an oversight by counsel and the Trial Justice there is an ambiguity in the judgment as to whether she must hold in trust two separate funds of approximately $5,000 each for the daughter's education. Paragraph eighth of the judgment refers to a trust of $5,000 and paragraph ninth refers to a trust of $5,851. Plaintiff asserts that only one trust was intended — the $5,851 account in the Greenwich Savings Bank. This account, she claims, is the depository of the $5,000 bond cashed by her. Defendant asserts that two separate trusts were intended. The record is incomplete for a determination of these conflicting contentions; and, if the parties should be so advised, they may present these issues to the trial court for determination. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Kleinfeld, JJ., concur.