Joseph A. Suozzi, J.
The plaintiffs move in this declaratory *1088 judgment action for a preliminary injunction to enjoin the Village of Freeport and its officials from enforcing article IV of the Housing Code of chapter 12 of the Village Ordinance requiring "rental permits” prior to letting any part of a residential dwelling. The ultimate relief sought in the action is a declaration that article IV is unreasonable, illegal and unconstitutional.
The plaintiffs have refused to file applications for rental permits although they are presently letting premises which admittedly are subject to the ordinance. As a result, the village has commenced prosecution of the plaintiffs in the Village Police Court for criminal violation of the ordinance. Fines of $250 and jail sentences of 15 days are authorized by the ordinance for the violations charged. This action was commenced, and this motion made, prior to the initiation of criminal proceedings. Therefore the pendency of those proceedings does not bar an adjudication here. The court understands that the adjournment of this motion was at the request of the village attorney.
Article IV requires the owner to apply to the village superintendent of buildings for a rental permit for each apartment or house leased, every time there is a reletting. Permits are issued for rental units after the superintendent finds, upon inspection, that the premises are "clean, safe, in sanitary condition, in repair and free of rodents or vermin, and fully comply with the provisions of this chapter.” (Village Ordinance, art. IV, § 12-56.)
The ordinance is an attempt to shift the entire, burden of enforcement of the housing code, particularly article III— Residence Building Standards, from the village to the owner. Having the right to utilize his property as a residence (single family or multiple dwelling) by virtue of a certificate of occupancy, the owner would now be required, in effect, to demonstrate his continued right to that certificate. Instead of enforcement by specifically charged violations, the owner must now affirmatively show in advance that the premises are free of violations. The criminal penalties imposed make such a burden onerous and unreasonable.
The Appellate Term of this Department has found a similar ordinance based on renewal of the certificate of occupancy to be an unreasonable exercise of police power. (People v Spitz, 77 Misc 2d 581, 582, citing Matter of Di Pasquale v Haskins, 25 AD2d 490, and revg People v Shy, 70 Misc 2d 92.) The *1089 nomenclature here is different — "rental permit” instead of "certificate of occupancy” — but it is, in substance, the same unreasonable exercise of police power.
Although the court’s holding renders a treatment of the constitutional question unnecessary, the language of the ordinance makes such a discussion advisable. The purpose of the ordinance is rational regulation of housing conditions in rental units. This may be a proper exercise of the police power, within the power of a village to enact, and the subject of criminal penalties, constitutionally. But when the village chose to prosecute the plaintiffs, it also elected the "rigorous tests which have been established for criminal penalties.” (People v Scott, 26 NY2d 286, 291.) The proscribed conduct in the penal enactment must not be unreasonable, and should be clearly enunciated so that all who may be affected may gauge their actions accordingly.
The language "clean, safe, in sanitary condition, in repair” is so vague as to violate minimum due process requirements. Given an ordinary interpretation, "clean” is a variable standard which leaves the public uncertain as to the conduct it prohibits. Therefore, the court believes that article IV could be found to be unconstitutional.
The court notes that the scheme of article IV circumvents the prohibition against "unreasonable” searches and seizures, guaranteed by the Fourth Amendment as enforced against the States through the Fourteenth Amendment. Unconsented warrantless searches by municipal building inspectors of residential rental property for code enforcement have been held to be "unreasonable” and in violation of the Fourth Amendment. (See Camara v Municipal Ct, 387 US 523.) Similarly, such warrantless searches are impermissible for portions of commercial premises not open to the public. (See v City of Seattle, 387 US 541.) By requiring permits to rent dependent upon warrantless inspections, the village wrongfully attempts to exact a waiver of important constitutional guarantees. (See Camara v Municipal Ct, supra, at p. 526.)
Nothing here prevents regulation of housing or enforcement of compliance with code standards. Even routine periodic inspections are "reasonable” within the meaning of the Fourth Amendment if "probable cause” to issue a warrant exists. (P. 538.) Consensual searches and emergency situation searches are further exceptions. But where the method of enforcement involves unreasonable searches, vague standards *1090 leading to penal sanctions, and unreasonable burdens on property owners, it must be declared invalid and an improper exercise of the police powers of the village.
The motion seeks a preliminary injunction to which plaintiffs are clearly entitled. Yet the parties addressed themselves here to the ultimate issues. Having charted that course, and there being no issues of fact, the court is free now to declare article IV invalid and to grant summary judgment to the plaintiffs in the action as well.