■ DANIEL LOVENTHAL et al., Doing Business as LOVENTHAL MANAGEMENT CO., Appellants, v CITY OF MOUNT VERNON et al., Respondents.—In an action *inter alia* for a declaration that a certain ordinance of the City of Mount Vernon is invalid, plaintiffs appeal from an order-judgment of the Supreme Court, Westchester County, dated July 22, 1975, which (1) declared the said ordinance valid, (2) denied plaintiffs' motion for summary judgment and (3) dismissed the complaint. Order-judgment affirmed, with $50 costs and disbursements. The subject ordinance is a valid exercise of the city's police power (see *Nettleton Co. v Diamond,* 27 NY2d 182, app dsmd 401 US 969). Plaintiffs' reliance on *People v Spitz* (77 Misc 2d 581, revg *People v Shy,* 70 Misc 2d 92) and *Matter of Di Pasquale v Haskins* (25 AD2d 490) is misplaced; both of those cases involved revocation of a certificate of occupancy. To the extent that *Sokolov v Incorporated Vil. of Freeport* (82 Misc 2d 1087) equated "rental permits" for individual dwelling units with certificates of occupancy, we decline to follow its holding. The ordinance does not have the effect of coercing plaintiffs into consenting to warrantless inspections in derogation of their constitutional rights (cf. *Camara v Municipal Ct.,* 387 US 523). They are not required to submit to any search and the proposed inspections are not unreasonably intrusive (see *Wyman v James,* 400 US 309; *Harkey v DeWetter,* 443 F2d 828, cert den 404 US 858). While no specific time limits are set forth in the ordinance, inspections are to be "immediate"; the prohibition against reletting shall not apply if the required inspections are not conducted within two business days after notice of a vacancy is given to the department of buildings. Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.

■ CLAIRE LOWE, Respondent, v EDWARD LOWE, Appellant.—In an action *inter alia* to recover arrears due under a separation agreement, defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, entered June 16, 1975, as granted plaintiff's cross motion for summary judgment to the extent of awarding her judgment on her cause of action for arrears. Judgment affirmed insofar as appealed from, without costs or disbursements. Defendant failed to contradict plaintiff's assertion that she appeared in certain Family Court proceedings without the aid of counsel and without the knowledge that her right to enforce the terms of a separation agreement could possibly be prejudiced thereby. Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.