OPINION OF THE COURT
William R. Geiler, J.
This is an action to have this court declare as unconstitutional a particular ordinance relating to rental units within the Town of Babylon.
The parties have agreed to submit this controversy upon a stipulated set of facts. The Town of Babylon on September 5, 1973 enacted an ordinance (ch 10, Licenses and Miscellaneous Business Regulations, art VI) entitled "Rental Units”. The salient features of this ordinance may be summarized as follows:
1. An owner of a rental unit, at least once every two years and each time such unit becomes vacant, must make a written sworn application for the right to let same for residential purposes.
2. The application must be accompanied by a plot plan, floor plan, diagram of the rental unit and an application fee.
3. A permit will not be issued unless all provisions of local laws, the housing laws and sanitary laws of the county of Suffolk and State of New York have been complied with.
4. A premises cannot be let for rental purposes unless or until permit is first obtained.
5. A building inspector is authorized to make inspections at any time and to enter any premises for the purpose of making inspections and it is the obligation of the owner or occupant of such premises to give access for the purpose of such inspections.
6. The ordinance was to take effect on February 1, 1974 for all premises located north of Southern State Parkway and on *1038 January 1, 1975 for all premises located south of Southern State Parkway.
7. The failure to comply with any provision of this ordinance carries with it criminal sanctions including prosecution, fine and/or imprisonment.
The plaintiffs Pashcow and Abrams, owners of rental units in the Town of Babylon were prosecuted in criminal proceedings in the Suffolk County District Court for their failure to apply for rental permits. This proceeding was dismissed because the People were unable to prove ownership. The plaintiffs were once again made defendants in a criminal proceeding based upon their alleged failure to comply with the subject ordinance. A temporary injunction was issued by Mr. Justice McCarthy on March 19, 1976 prohibiting the town from proceeding with any further prosecutions pending a determination of this action.
An administrative search of a dwelling by a housing inspector without a warrant was permitted prior to 1967 (Frank v Maryland, 359 US 360). In 1967 the United States Supreme Court in a landmark decision held that health department inspections are within the protection afforded by the Fourth Amendment of the United States Constitution. Thus, inspections and searches of homes without warrants are unreasonable and unconscionable (Camara v Municipal CL, 387 US 523). The Supreme Court of the United States held that the Camara principle also applied to similar inspections of commercial structures which were not used as private residences (See v City of Seattle, 387 US 541).
 The defendant Town of Babylon acknowledges the existence of the Camara principle that unconsented and warrantless searches and inspections by municipal building inspectors of residential rental property are prohibited by the Fourth Amendment of the United States Constitution. However, according to the defendant, there is really no problem because the Babylon town inspectors have been instructed to request permission to enter the premises of a landlord and to enter the same only if permission is given. The inspectors, if permission is denied, have been instructed according to the Town of Babylon to obtain a warrant. The ordinance only becomes unconstitutional, according to the town, if an inspector enters a building without permission and without a warrant.
The town forgets that the owner of a premises according to the ordinance is subject to criminal prosecution if he fails to *1039 permit an inspection. The fact that a court might dismiss the information is of no moment. The landlord should not have to be subject to the notoriety and expense which is part of being involved in a criminal proceeding, regardless of the final disposition of that proceeding.
In effect, the town would change our form of government from one based upon laws to one based upon men. This court holds that the ordinance as written is unconstitutional and is in violation of the plaintiffs’ rights under the Fourth Amendment.
This court, although the ordinance is unconstitutional as being violative of the Fourth Amendment, would be remiss if it did not discuss another feature contained in the said ordinance. The ordinance applied to half of the geographical division of the Town of Babylon in 1974 and was not applicable to the rest of the town until a year later. Thus, the plaintiffs herein, were brought up on criminal charges while others similarly situated and in the same class were immune from prosecution. Hence all landlords of the Town of Babylon as a class were subject to different restrictions between February 1, 1974 and January 1, 1975.
"Classification of business, occupations, and callings may be made according to natural, reasonable, and well-recognized lines of distinction * * * but statutes are void as class legislation whenever * * * persons engaged in the same business are subject to different restrictions or are given different privileges under the same conditions.” (16A CJS Constitutional Law, § 496, pp 262-263.)
This ordinance, which allows some landlords who were located to the south of Southern State Parkway a year more of nonregulation than those similarly situated to the north, constitutes a violation of their rights under the equal protection clause of the Fourteenth Amendment of the United States Constitution.
This court is aware of the case of Loventhal v City of Mount Vernon (51 AD2d 732) in which the Appellate Division, Second Department held a city of Mt. Vernon ordinance, which included a provision for inspection of rental units, constitutional. However, the court did not address itself to the restrictions of the Fourth Amendment and furthermore that ordinance did not contain any criminal sanctions in the event of any violations.