OPINION OF THE COURT
Alexander W. Kramer, J.
The defendant, on an agreed statement of facts, moves to have chapter 27 of the Code of the Town of Islip declared unconstitutional.
The facts are, as follows:
(1) The Town of Islip has enacted an ordinance regulating rentals known as chapter 27 of the Code of the Town of Islip.
(2) The defendant, James H. Northrop, Inc., was the owner of a three-family dwelling in Bay Shore within the Town of Islip.
*607 (3) While the defendant was the owner of this building the premises were leased to Charlotte Morgan and Melvin Has-kins.
(4) At the time of the rental, the defendant had not applied for nor had received a rental permit.
(5) The Town of Islip will not issue a rental permit without a voluntary search and inspection of the premises.
The defendant contends that the provisions of chapter 27 are unconstitutional. He predicates that contention upon the fact that the provisions of the ordinance require the property owner to submit to an inspection of the premises. Defendant does not dispute the authority of the town to regulate rental premises under its police powers. However, he claims that, while the town has the authority to enact any such resonable regulations, upon application of an owner whose property is otherwise in full conformity via certificates of occupancy and/ or compliance — or the equivalent thereof — the town must then issue the rental permit. He further argues that the town may not conduct an involuntary search absent authority to do so predicted upon a warrant issued for probable cause; and that, therefore, to require a voluntary inspection as a condition precedent to the issuance of a permit would be a transgression of that right.
Upon the oral argument before the court, defendant was not particularly concerned with the question of whether or not the unit or units in question complied with the reasonable regulations imposed by the town. As to the necessity of the town’s making application for a search warrant, based upon probable cause — a step that would indeed necessarily follow if there were ever to be intelligent and intelligible enforcement of the regulations, defendant’s complacent retort was: "That’s the Town’s problem.”
This court cannot, in good conscience, countenance such an attitude. A voluntary inspection as a condition precedent to the issuance of a permit is well within reason. To adopt defendant’s rationale would be tantamount to the encouragement of an exercise in futility.
The ordinance in question is not unconstitutional (Loventhal v City of Mount Vernon, 51 AD2d 732). The Appellant Division, Second Department, specifically refused to follow Sokolov v Incorporated Vil. of Freeport (82 Misc 2d 1087) which held a similar ordinance unconstitutional by equating *608 rental permits with certificates of occupancy (Loventhal v City of Mount Vernon, supra).
The Islip Ordinance is distinguishable from the Babylon Town Ordinance which was declared unconstitutional in 1976 (Pashcow v Town of Babylon, 96 Misc 2d 1036). The Babylon Town Ordinance regulating rental permits was held unconstitutional for two reasons. First, the Supreme Court held the ordinance was unconstitutional as being violative of the Fourth Amendment since it subjected an owner to liability in a criminal prosecution for failure to permit an inspection. Second, the ordinance was held to be a violation of the equal protection clause (14th Arndt) of the United States Constitution since the ordinance went into effect at different points in time for different parts of the town.
The Islip statute specifically states that "[i]t shall not be an offense to refuse an administrative inspection”. (Code of Town of Islip, ch 27, § 27-88.) It is constitutionally impermissible to make it an offense to refuse an inspector’s request for a general search of premises (Camara v Municipal Ct., 387 US 523; See v City of Seattle, 387 US 541). The Islip Ordinance does not attempt to make refusal an offense, which was the situation in Pashcow. The equal protection argument is not relevant here.
Generally, a conveyance by a lease is absolute (People v Scott, 26 NY2d 286). However, in some circumstances liability may attach to the owner as a result of the actions of a tenant (Tenement House Dept, of City of N. Y. v McDevitt, 215 NY 160; Bertholf v O’Reilly, 74 NY 509). The court need not decide if this is one of those instances where the landlord was liable for the actions of his tenant since the stipulated facts do not assert the tenant could not give consent to an inspection.
There is a strong presumption of the constitutionality of a validly enacted local ordinance (see People v Scott, 26 NY2d 286, supra). Further, the Appellate Term of the Second Department has held "that a court of original jurisdiction should not resort to statutory interpretation of constitutional dimensions absent the most compelling circumstances”. (People v Babylon Tr., 93 Misc 2d 67, 68.)
The renting of apartments or houses is a business. The purpose of a landlord in leasing is to make money. The State, pursuant to subdivision 3-a of section 130 of the Town Law, had delegated the power to the town to regulate rentals of the type before the court.
*609 The purpose of chapter 27 is to establish "reasonable safeguards for the safety, health and welfare of the occupants and users of said premises, the community and the general public.” (Code of Town of Islip, ch 27, § 27-2.) The defendant has not overcome the strong presumption of the constitutionality of the ordinance (see, generally, 9 NY Jur, Constitutional Law, § 190, pp 100-102). The ordinance is reasonably related to the protection of the community’s interest in the upkeep of its neighborhoods and the safeguarding of the lives and health of those persons who live in rented premises.
The defendant is guilty as charged.
Its representative shall appear before the undersigned for the purpose of sentence on January 18, 1979, at 9:30 a.m., in the H. Lee Dennison Building, Hauppauge, New York.