■ PAMELA OLES, Respondent, v MICHAEL OLES, Appellant.—In a matrimonial action, defendant appeals from so much of a judgment of divorce of the Supreme Court, Westchester County, dated January 22, 1980, as (1) awarded plaintiff (a) alimony of $100 per week and (b) the sum of $5,800 as arrears due pursuant to an order of the same court dated November 16, 1977, which awarded plaintiff temporary alimony, and (2) awarded plaintiff's counsel a fee in the sum of $2,500. Judgment modified, on the law and the facts, by adding thereto a provision that the payments of alimony to be made by defendant shall cease one year after the date of their commencement. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. We find that, under the circumstances of this case, plaintiff is on the verge of being self-supporting, but has not yet attained that status. In our discretion and with due regard to the relevant factors to be considered, we conclude that "justice requires" that the alimony award be modified as indicated. (See Domestic Relations Law, § 236; cf. *Tumolillo v Tumolillo*, 51 NY2d 709.) We find no merit in the remaining contentions of defendant. It is noted that the issue of whether the order of November 16, 1977, directing defendant to pay temporary alimony in the sum of $50 per week, was properly made is not before us on this appeal (see *Caplin v Caplin*, 33 AD2d 908). Hopkins, J. P., Titone, Margett and Weinstein, JJ., concur.

■ DONALD ORENSTEIN et al., Appellants, v GUY BARBARO, Respondent.—In an action for specific performance of a real estate purchase contract, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated May 8, 1980, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment. Order modified, on the law, by deleting therefrom all but the third decretal paragraph thereof and defendant's motion is denied. As so modified, order affirmed, without costs or disbursements. The record before us indicates that there are triable issues of fact regarding a waiver of strict compliance with the terms of the option agreement. Thus, plaintiffs' cross motion for summary judgment was properly denied and defendant's motion for the same relief should have been denied as well. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.

■ ARTHUR PASHCOW et al., Respondents, v TOWN OF BABYLON, Appellant.—In an action, *inter alia*, to declare a certain local law of the Town of Babylon invalid, the defendant Town of Babylon, appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County, entered July 6, 1979, which, *inter alia*, granted plaintiffs summary judgment and declared the ordinance invalid. Order and judgment reversed, on the law, with $50 costs and disbursements, plaintiffs' motion for injunctive relief is denied, defendant's cross motion for summary judgment is granted, Local Law No. 3 of 1978 of the Town of Babylon is declared valid and the complaint is otherwise dismissed. (See *Loventhal v City of Mount Vernon*, 51 AD2d 732, and *Sokolov v Village of Freeport*, 74 AD2d 822, in which this court rejected challenges to similar ordinances providing for a rental permit system of building code enforcement.) Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.