■ PATRICIA ZODA, Respondent, v JOSEPH ZODA, JR., Appellant.—In a matrimonial action, the defendant husband appeals (1) from an order of the Supreme Court, Westchester County (Isseks, J.), entered April 23, 1985, which (a) denied that branch of his motion which was to reargue a prior order of the same court (Isseks, J.), entered February 8, 1985, which, *inter alia,* granted the plaintiff wife pendente lite relief, and (b) denied that branch of his motion which was to dismiss the plaintiff wife's complaint for failure to state a cause of action; (2) from an order of the same court (Martin, J.), dated August 20, 1985, which, after a hearing, held him in contempt for violation of a stay contained in an order to show cause of the same court (Ferraro, J.), dated November 9, 1984, which provision stayed him, *inter alia,* from disposing of marital property pending trial of the action; (3) as limited by his brief, from so much of an order of the same court (Beisner, J.), dated

October 22, 1985, as denied that branch of his cross motion which was to modify the order entered February 8, 1985 awarding plaintiff wife pendente lite relief; (4) as limited by his brief, from so much of an order of the same court (Isseks, J.), entered December 16, 1985, as granted the plaintiff wife leave to enter a money judgment in the sum of $19,000 for arrears in maintenance and child support, and (5) from a judgment of the same court (Isseks, J.), entered February 19, 1986, in favor of the plaintiff and against him in the sum of $19,000.

Appeal from so much of the order entered April 23, 1985, as denied the defendant's motion for reargument dismissed. No appeal lies from an order denying reargument (Ginsberg v Ginsberg, 104 AD2d 482).

Order entered April 23, 1985, otherwise affirmed.

Order dated August 20, 1985, affirmed and order dated October 22, 1985, affirmed insofar as appealed from.

Appeal from the order entered December 16, 1985, dismissed (see, Matter of Aho, 39 NY2d 241, 248).

Judgment entered February 19, 1985, affirmed.

The plaintiff is awarded one bill of costs.

Special Term correctly found that the plaintiff's complaint was sufficient to withstand that branch of the defendant's motion which was to dismiss for failure to state a cause of action (see, Bulger v Bulger, 88 AD2d 895).

In addition, we find that the court had before it sufficient evidence to determine with reasonable certainty that the defendant had violated the stay provision of an order to show cause signed by Justice Ferraro (see, Pereira v Pereira, 35 NY2d 301, 308). In finding no proof of actual damage or loss suffered by the plaintiff as a result of the defendant's actions, the court has still within its statutory authority to impose a fine as well as to assess counsel fees (see, Hardwood Dimension & Mouldings v Consolidated Edison Co., 77 AD2d 644, appeal dismissed 51 NY2d 1008, cross appeal dismissed 54 NY2d 680).

Finally, on the record before us, we do not find that Special Term abused its discretion in denying that branch of the defendant's motion which was to modify the award of temporary maintenance and child support (cf. Romanoff v Romanoff, 111 AD2d 158). In view of the fact that the action has apparently been placed on the Trial Calendar, we note that the appropriate remedy for a pendente lite award claimed to be unsatisfactory is an expeditious trial at which a more detailed examination of the parties' situations may be made

*(see, Rossman v Rossman,* 91 AD2d 1036; *Chachkes v Chachkes,* 107 AD2d 786). Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.