■ DEIRDRE SAMUELSEN, Respondent, v RICHARD SAMUELSEN, Appellant.

The appeal from the intermediate order dated January 31, 1984, has been dismissed, since the right to separately appeal therefrom was extinguished upon the entry of the judgment, dated November 21, 1984 (see, Matter of Aho, 39 NY2d 241, 248). This order is also not reviewable pursuant to CPLR 5501 since, if it were reversed or modified, it would not affect the foundation of the judgment of divorce, or render the judgment and the trial or the action invalid and without support (see, Caplin v Caplin, 33 AD2d 908). We note that, in any event, the proper remedy for an inequitable pendente lite order of maintenance and support is, ordinarily, a speedy trial (see, Zoda v Zoda, 121 AD2d 380; Rossman v Rossman, 91 AD2d 1036). In this case, the defendant husband was afforded a speedy trial inasmuch as the trial commenced 34 days after the date of the pendente lite order.

Approximately 20 days after the parties had rested and the trial evidence had been presented, the Trial Judge contacted the parties concerning the appointment of an additional appraiser, to value certain marital property located at 23 Leo-

nard Street, Manhattan. Without a stipulation from the parties, the Trial Judge ordered an appraisal of the property and appointed an appraiser. The appraiser reported directly to the Judge; the parties did not have an opportunity to review the appraiser's report or cross-examine the appraiser, and the appraiser's report does not appear in the present record on appeal. The court adopted the posttrial appraiser's figures in valuing the 23 Leonard Street property in the judgment of divorce. This was error since the appraiser's report was not properly before the court and was dehors the record (see, *Matter of Lincoln v Lincoln,* 24 NY2d 270, 273; *Kesseler v Kesseler,* 10 NY2d 445, 453). That part of the judgment is therefore reversed and the matter remitted to the Supreme Court, Richmond County, for a new hearing limited to the issue of the value of the 23 Leonard Street property.

The judgment of divorce ordered that the parties were to divide equally the fee of the court-ordered appraiser, with each party to tender a check for $375 to the appraiser within 30 days of the entry of the judgment. The judgment was dated November 21, 1984. By order dated February 27, 1985, the defendant husband was held in contempt for failure to pay the appraiser. No notice of motion or supporting papers preceded or accompanied this order, nor was there any proceeding prior to the making of the order. The defendant husband was thus summarily held in contempt by the court. This was error, since a court may summarily hold a person in contempt only when the offense is committed in the immediate view and presence of the court upon a trial or hearing (see, Judiciary Law § 755). Nor was there a proper application by notice of motion or order to show cause pursuant to Judiciary Law § 756.

We have considered the defendant husband's remaining contentions with respect to the judgment of divorce and find them to be unpersuasive. The plaintiff wife's complaint properly pleaded, and the evidence presented at the trial was sufficient to prove, a cause of action for divorce based on cruel and inhuman treatment of the wife by the husband. Similarly, the distributive award of the marital property was proper except to the extent previously noted. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.