(September 26, 2005)

■ Joseph Acito, Respondent, v Mary Jane Acito, Appellant. [801 NYS2d 156]—

In an action, inter alia, for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Dillon, J.), entered May 11, 2004, as denied those branches of her motion which were for summary judgment on her counterclaims for a divorce pursuant to Domestic Relations Law § 170 (1) and (6), and for pendente lite relief, and, by permission, from so much of the order as granted the plaintiff's cross motion for summary judgment declaring the parties' separation agreement invalid to the extent of directing a hearing to aid in the disposition of the cross motion.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment on her counterclaim for a divorce pursuant to Domestic Relations Law § 170 (1) and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court should have granted that branch of the

defendant's motion which was for summary judgment on her counterclaim for a divorce on the ground of cruel and inhuman treatment pursuant to Domestic Relations Law § 170 (1). The defendant made a prima facie showing that she was entitled to a divorce on the ground of cruel and inhuman treatment, which was founded upon the plaintiff's physical assault of the defendant on January 1, 2001. On December 17, 2001, the plaintiff pleaded guilty to attempted assault in the third degree in violation of Penal Law §§ 110.00, 120.00. In opposition to the defendant's motion, the plaintiff failed to raise a triable issue of fact.

The Supreme Court providently exercised its discretion in denying the defendant pendente lite child support (*see Macagnone v Macagnone,* 7 AD3d 680 [2004]; *Cooper v Cooper,* 7 AD3d 746 [2004]). "The appropriate remedy for any perceived inequity in a pendente lite award is a prompt trial" (*McDermott v McDermott,* 4 AD3d 457 [2004]).

The defendant's remaining contentions are without merit. Adams, J.P., Crane, Goldstein and Skelos, JJ., concur.