SECOND DEPARTMENT, APRIL, 2008

(April 1, 2008)

■ DANIEL ANDERSON, Appellant, v CAROLYN ANDERSON, Respondent. [853 NYS2d 921]—In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Iannacci, J.), dated April 11, 2005, which granted the defendant's motion for partial summary judgment vacating the child support provisions of the parties' separation agreement, and (2) so much of an order of the same court, dated April 19, 2005, as awarded the defendant child support pendente lite.

In an action for a judgment of divorce, the plaintiff appeals from so much of a judgment of divorce of the Supreme Court,

Nassau County (Palmieri, J.), entered November 15, 2006, as set an award of child support, modified the visitation schedule provided in the parties' separation agreement, and awarded the defendant an attorney's fee.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by deleting the provision thereof modifying the visitation schedule provided in the parties' separation agreement and substituting therefor a provision directing that visitation shall be in accordance with that schedule; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

Domestic Relations Law § 240 (1-b) (h) provides that a validly-executed support agreement which deviates from the basic child support obligation set forth in the Child Support Standards Act (CSSA) must specify, inter alia, the amount that the basic child support obligation would have been under the CSSA and the reason or reasons that the agreement does not provide for payment of that amount. The separation agreement entered between the parties failed to set forth the presumptively correct amount of support that would have been fixed pursuant to the CSSA, and failed to articulate the reason the parties chose to deviate from the CSSA guidelines. Consequently, the Supreme Court properly vacated those provisions of the agreement purporting to provide for the plaintiff's child support obligation (*see Jefferson v Jefferson,* 21 AD3d 879, 881 [2005]; *Cardinal v Cardinal,* 275 AD2d 756, 757 [2000]; *see also* Domestic Relations Law § 240 [1-b] [h]).

Contrary to the plaintiff's contentions, a review of the court's decision in the instant case reflects sufficient articulation of its reasons for determining the amount of child support to be awarded on the parties' net combined income over $80,000 and reflects its careful consideration of the parties' circumstances and the child's needs (*see Matter of Cassano v Cassano,* 85 NY2d 649, 655 [1995]; *Griggs v Griggs,* 44 AD3d 710 [2007]; *Kaplan v Kaplan,* 21 AD3d 993, 993-995 [2005]).

Moreover, the Supreme Court providently exercised its discretion in determining that the defendant was entitled to an award of an attorney's fee (*see* Domestic Relations Law § 237 [a]; *Frankel v Frankel,* 2 NY3d 601, 607 [2004]; *Kaplan v Kaplan,* 28 AD3d 523 [2006]; *Timpone v Timpone,* 28 AD3d 646 [2006]; *Levy v Levy,* 4 AD3d 398, 398-399 [2004]; *Gallousis v Gallousis,* 303 AD2d 363, 364 [2003]).

However, the Supreme Court erred in modifying the visitation schedule provided in the parties' separation agreement. In the instant case, the Supreme Court's determination lacked a

sound and substantial basis in the record. We note that neither party sought a modification of the visitation schedule provided in the separation agreement. Accordingly, we deem it appropriate to reinstate the visitation schedule as provided in the separation agreement. Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.