SECOND DEPARTMENT, APRIL, 2008

(April 1, 2008)

■ DANIEL ANDERSON, Appellant, v CAROLYN ANDERSON, Respondent. [853 NYS2d 921]—In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Iannacci, J.), dated April 11, 2005, which granted the defendant's motion for partial summary judgment vacating the child support provisions of the parties' separation agreement, and (2) so much of an order of the same court, dated April 19, 2005, as awarded the defendant child support pendente lite.

Ordered that the appeals are dismissed, with costs.

The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce on November 15, 2006 (see Matter of Aho, 39 NY2d 241, 248 [1976]; Anderson v Anderson, 50 AD3d 610 [2008] [decided herewith]).

The order dated April 11, 2005, which vacated the child support provisions of the separation agreement, has been reviewed on the appeal from the judgment (see CPLR 5501). The propriety of so much of the order dated April 19, 2005, as awarded the wife pendente lite child support is not reviewed on the accompanying appeal from the judgment pursuant to CPLR 5501 (see Samuelsen v Samuelsen, 124 AD2d 650, 652 [1986]). In any event, it is the general rule that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial, at which the financial circumstances of the parties can be fully explored (see Berlly v Berlly, 237 AD2d 553, 553-554 [1997]; Samuelsen v Samuelsen, 124 AD2d 650, 652 [1986]; see also Prasinos v Prasinos, 283 AD2d 913, 914 [2001]). Here, the trial has been completed and the judgment of divorce entered. Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.