■ In the Matter of RICHARD BLACKSTOCK, Respondent, v VANESSA PRICE, Appellant. [858 NYS2d 733]—

In a proceeding pursuant to Family Court Act article 6 to modify custody, the mother appeals from an order of the Family Court, Kings County (Toussaint, J.), dated May 16, 2007, which denied her motion to vacate the parties' stipulation of settlement or, in the alternative, for a hearing on the issue of custody.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly denied that branch of the mother's motion which was to vacate the stipulation of settlement. Stipulations of settlement are favored by the courts and a stipulation made on the record in open court will not be set aside absent a showing that it was the result of fraud, overreaching, mistake, or duress (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Shapira v Shapira, 283 AD2d 477, 478 [2001]; Bruckstein v Bruckstein, 271 AD2d 389, 390 [2000]). The mother's general contentions that she felt pressured by the court to settle are insufficient to establish such a claim (see Ross v Clyde Beatty-Cole Bros. Circus, 26 AD3d 321 [2006]; Desantis v Ariens Co., 17 AD3d 311 [2005]; Cavalli v Cavalli, 226 AD2d 666, 667 [1996]; Sontag v Sontag, 114 AD2d 892, 893-894 [1985]). More-

over, the Family Court conducted a proper allocution of the mother, and determined that she voluntarily and knowingly accepted the terms of the stipulation (*see Matter of Siegel,* 29 AD3d 914, 915 [2006]).

Furthermore, the Family Court properly found that the mother failed to make a sufficient evidentiary showing to support her conclusory and nonspecific allegations relating to a change in circumstances that would justify a hearing on the issue of whether awarding her sole custody would be in the best interests of the child (*see Matter of Davis v Venditto,* 45 AD3d 837, 838 [2007]; *Shapira v Shapira,* 283 AD2d at 478). Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.