■ In the Matter of Oana Abidi, Respondent, v Octavian Antohi, Appellant. [883 NYS2d 309]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Greenberg, J.), dated October 20, 2008, which denied his objections to an order of the same court (Bannon, S.M.), dated May 5, 2008, which, after a hearing, denied his application for child support from the mother for the parties' oldest child for the four months between the time that he filed for a change of custody and the date that child turned 21 years old, granted that branch of the mother's petition which was for an upward modification of the father's child support obligation for the parties' youngest child based on 100% of his "determinable gross income" minus statutory deductions, pursuant to the parties' 1999 stipulation of settlement, and awarded the mother an attorney's fee in the sum of $18,000.

Ordered that the order dated October 20, 2008, is affirmed, with costs.

In 1999, the parties entered into a stipulation of settlement on the record in open court in which they agreed, in substance, that the father's child support obligation would be recalculated based upon his full "determinable gross income" minus statutory deductions, with no income cap, after he completed his

medical residency. The mother commenced this proceeding after it became apparent that the father was not going to abide by these terms of the parties' stipulation after he completed his medical residency.

"Stipulations of settlement are favored by the courts and a stipulation made on the record in open court will not be set aside absent a showing that it was the result of fraud, over-reaching, mistake, or duress" (*Matter of Blackstock v Price,* 51 AD3d 914, 914 [2008]; *see Hallock v State of New York,* 64 NY2d 224, 230 [1984]).

The Family Court properly rejected the father's attempt, in effect, to have the stipulation set aside. The father accepted the benefits of the stipulation of settlement, by paying child support well below what he would have been required to pay under a strict application of the Child Support Standards Act while he was in medical school and completing his medical residency, and he substantially complied with its terms for approximately 10 years. Accordingly, the father ratified the stipulation by his conduct (*see Ricca v Ricca,* 57 AD3d 868, 870 [2008]; *Korngold v Korngold,* 26 AD3d 358, 359 [2006]).

Further, the father's contention that the Family Court erred in failing to impose a cap on the combined parental income upon which his child support obligation may be based, is without merit. The stipulation of settlement contains no provision for such a cap (*see Ramon v Ramon,* 49 AD3d 843, 844 [2008]).

Accordingly, the Family Court correctly determined that the father should pay child support based upon his full determin-able gross income minus statutory deductions, pursuant to the parties' 1999 stipulation.

The Family Court also properly denied the father's applica-tion for child support from the mother for the parties' oldest child for the four months between the time that he filed for a change of custody and the date that child turned 21 years old. It is fundamental public policy in New York that parents of minor children are responsible for their children's support until age 21 (*see* Family Ct Act § 413; *Matter of Roe v Doe,* 29 NY2d 188, 192-193 [1971]). Nonetheless, under the doctrine of construc-tive emancipation, "a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation" may forfeit any entitlement to support (*Matter of Alice C. v Bernard G.C.,* 193 AD2d 97, 109 [1993]).

On the instant record there is no basis to disturb the findings of the Family Court. The Family Court's credibility determina-tions are entitled to great deference, as the Family Court is in the best position to assess the credibility of the witnesses (*see*

*Matter of Fragola v Alfaro*, 45 AD3d 684, 685 [2007]; *Matter of Strella v Ferro*, 42 AD3d 544, 545 [2007]; *Matter of Accettulli v Accettulli*, 38 AD3d 766, 767 [2007]; *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]; *Matter of Bailey v Bailey*, 15 AD3d 577 [2005]). The hearing evidence established that, for no justifiable reason, the oldest child abandoned the mother and refused to have any contact with her, despite her attempts to contact him. He also declined any support offered by her, including money, and he removed himself from her health insurance policy. "To require the [mother] to provide reimbursement for the support of a [son] who has renounced and abandoned h[er] would clearly result in an injustice under the facts of this case" (*Matter of Commissioner of Social Servs. v Jones-Gamble*, 227 AD2d 618, 619 [1996]; *see Matter of Bailey v Bailey*, 15 AD3d 577 [2005]).

The award of an attorney's fee in the sum of $18,000 to the mother was a provident exercise of the Family Court's discretion (*see Matter of Ana Luisa B. v Paul H.A.*, 59 AD3d 289 [2009]; *Matter of Salerno v Salerno*, 300 AD2d 667 [2002]). Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.