■ In the Matter of AMY M. STRANG, Appellant, v LEWIS L. RATHBONE, Respondent. [968 NYS2d 572]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals (1), as limited by her brief, from so much of an order of the Family Court, Dutchess County (Sammarco, J.), dated August 30, 2012, as, upon her consent, awarded the parties joint custody of the subject child, and (2) from an order of the same court dated October 2, 2012, which denied her motion to set aside a stipulation of settlement entered into in open court on May 3, 2012.

Ordered that the appeal from the order dated August 30, 2012, is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated October 2, 2012, is affirmed, without costs or disbursements.

Where an order, such as the order dated August 30, 2012, recites that it is made on consent, it is not appealable (*see Matter of Reilly v Reilly*, 49 AD3d 883, 884 [2008]; *Matter of Gittens v Chin-On*, 19 AD3d 596, 596 [2005]; *Matter of Polyak v Toyber*, 2 AD3d 642, 642 [2003]; *Matter of Brouwer v Pacicca*, 291 AD2d 448, 449 [2002]). Accordingly, the mother's appeal from the order dated August 30, 2012, must be dismissed. To the extent that the mother challenges the recitation of consent as it appears on the order dated August 30, 2012, her remedy is to move in Family Court to vacate or resettle the order (*see Matter of Reilly v Reilly*, 49 AD3d at 884; *Matter of Polyak v Toyber*, 2 AD3d at 642-643; *Matter of Ras v Rupp*, 295 AD2d 892, 893 [2002]; *Matter of Brouwer v Pacicca*, 291 AD2d at 449; *Nayman v Remsen Apts.*, 125 AD2d 378, 382 [1986]).

The Family Court properly denied the mother's motion to set aside the stipulation of settlement entered into in open court on May 3, 2012, based on mistake or duress. "Stipulations of settle-

ment are favored by the courts and a stipulation made on the record in open court will not be set aside absent a showing that it was the result of fraud, overreaching, mistake, or duress" (*Matter of Blackstock v Price*, 51 AD3d 914, 914 [2008]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Matter of Abidi v Antohi*, 64 AD3d 772, 773 [2009]). Here, the Family Court conducted a proper allocution of the mother, determining that she understood the terms of the stipulation, that she had sufficient time to consult with her attorney, and that she consented to the terms of the stipulation, and thus properly determined that she voluntarily and knowingly accepted the terms of the stipulation (*see Matter of Blackstock v Price*, 51 AD3d at 914-915; *Matter of Siegel*, 29 AD3d 914, 915 [2006]). The mother's contentions in support of her motion that she felt "forced into settling" and "misle[ ]d" by her attorney, and that she "did not fully understand what [she] was agreeing to" are insufficient to establish a claim of mistake or duress so as to warrant setting aside the stipulation of settlement (*see Matter of Blackstock v Price*, 51 AD3d at 914). Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.