█ In the Matter of KOLIEN J. RICHMOND, Respondent, v ROBERT A. PEREZ, Appellant. (Proceeding No. 1.) In the Matter of ROBERT A. PEREZ, Appellant, v KOLIEN J. RICHMOND, Respondent. (Proceeding No. 2.) [998 NYS2d 392]—

Appeals from (1) an order of the Family Court, Dutchess County (Joan S. Posner, J.), dated September 4, 2013, and (2) an order of that court dated November 19, 2013. The order dated September 4, 2013, denied the father's motion to vacate an order of that court dated June 17, 2013, entered on consent, which suspended his visitation rights. The order dated November 19, 2013, dismissed the father's petition to modify the visitation provisions set forth in the order dated June 17, 2013.

Ordered that the orders dated September 4, 2013, and November 19, 2013, are affirmed, without costs or disbursements.

In related proceedings pursuant to Family Court Act article 6, the father moved to vacate an order dated June 17, 2013, entered on consent, which suspended his visitation rights and directed the father and the child to communicate by letter via their therapists. " 'Stipulations of settlement are favored by the courts and a stipulation made on the record in open court will not be set aside absent a showing that it was the result of fraud, overreaching, mistake, or duress' " (*Matter of Strang v Rath-*

*bone*, 108 AD3d 565, 565-566 [2013], quoting *Matter of Blackstock v Price*, 51 AD3d 914, 914 [2008]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Matter of Abidi v Antohi*, 64 AD3d 772, 773 [2009]). Here, the Family Court conducted a proper allocution of the father, determining that he voluntarily and knowingly accepted the terms of the stipulation (*see Matter of Strang v Rathbone*, 108 AD3d at 566; *Matter of Blackstock v Price*, 51 AD3d at 914-915). Moreover, the father's assertion that he felt "frightened" by his attorney was insufficient to establish a claim of mistake or duress so as to warrant setting aside the stipulation of settlement (*see Matter of Blackstock v Price*, 51 AD3d at 914).

The father's contention that his attorney advised him that he would be able to withdraw from the settlement at any time cannot be reviewed on this appeal, as it relies upon conversations that are dehors the record. The contention that the provision set forth in the order dated June 17, 2013, regarding communication between him and the child, constituted an improper delegation of authority to make determinations regarding the best interests of the child, is improperly raised for the first time on appeal (*see* CPLR 5501; *Matter of Grucci v Villanti*, 108 AD3d 626, 628 [2013]).

In view of the foregoing, there is no merit to the father's contention that his counsel was ineffective for permitting him to enter into the subject stipulation of settlement.

The Family Court also properly dismissed the father's petition to modify the visitation provisions set forth in the order dated June 17, 2013. "The Family Court has broad discretion in fashioning a remedy in matters of custody and visitation, with the paramount concern being the best interests of the child" (*Matter of Pignataro v Davis*, 8 AD3d 487, 488-489 [2004]). "One who seeks a change in visitation is not automatically entitled to a hearing but must make a sufficient evidentiary showing of a material change of circumstances to warrant a hearing" (*Matter of Reilly v Reilly*, 64 AD3d 660, 660 [2009]; *see Matter of Rodriguez v Hangartner*, 59 AD3d 630 [2009]; *Matter of Gold v Gold*, 53 AD3d 485, 488 [2008]). Here, contrary to the father's contention, he failed to make a sufficient evidentiary showing to warrant a hearing. Leventhal, J.P., Hall, Austin and Roman, JJ., concur.