■ RAMANDEEP BADWAL, Respondent, v AVTAR S. BADWAL, Appellant. [5 NYS3d 487]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Brown, J.), entered April 10, 2013, which, upon a decision of the same court dated July 1, 2010, made after a nonjury trial, inter alia, failed to equitably distribute certain residential property in New Hyde Park, the value of the plaintiff's nursing license, and the proceeds from the sale of a motel owned by the parties, and directed him, among other things, to pay child support in the sum of $220 per week to the plaintiff through the Child Support Collection Unit.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly determined that there was no need to equitably distribute $200,000 in proceeds from the sale of a motel owned by the parties. Although the defendant contends that the plaintiff improperly engaged in self help by taking these funds, the record supports the court's determination that the parties agreed to the division of the proceeds of the sale of the motel prior to their separation, and that the plaintiff received two checks totaling $200,000 pursuant to that agreement. Accordingly, it was unnecessary to equitably distribute the subject proceeds.

The Supreme Court correctly determined that the plaintiff's home in New Hyde Park was not marital property subject to equitable distribution, as it was purchased after the commencement of this action (*see* Domestic Relations Law § 236 [B] [1] [c]; *Mesholam v Mesholam*, 11 NY3d 24, 28 [2008]).

The Supreme Court did not err in determining that the plaintiff's nursing license was not marital property subject to equitable distribution. Although the enhanced earnings from academic degrees and professional licenses attained during the marriage are subject to equitable distribution, it is incumbent upon the nontitled party seeking a distributive share of such assets to demonstrate a substantial contribution to the titled party's acquisition of that marital asset. Where only modest contributions are made by the nontitled spouse toward the other spouse's attainment of a degree or professional license, and the attainment is more directly the result of the titled spouse's own ability, tenacity, perseverance and hard work, it is appropriate for courts to limit the distributed amount of that enhanced earning capacity (*see Haspel v Haspel*, 78 AD3d 887 [2010]; *Higgins v Higgins*, 50 AD3d 852 [2008]). Here, there is no evidence that the defendant made a substantial contribution to the plaintiff's acquisition of her nursing degree. There is no evidence that the defendant made career sacrifices or assumed a disproportionate share of household work as a consequence of the plaintiff's education; his contributions were minor (*see Higgins v Higgins*, 50 AD3d at 853).

The defendant contends that the pendente lite award of child support was improper. The propriety of the pendente lite order may not be reviewed on the appeal from the judgment of divorce (*see Anderson v Anderson*, 50 AD3d 610 [2008]; *Samuelsen v Samuelsen*, 124 AD2d 650 [1986]). In any event, the proper remedy for any perceived inequity in a pendente lite award is a speedy trial, at which the financial circumstances of

the parties can be fully explored. Here, the trial has been completed, and the judgment of divorce entered (*see Anderson v Anderson*, 50 AD3d at 610; *Samuelsen v Samuelsen*, 124 AD2d at 651).

The Supreme Court did not improvidently exercise its discretion in imputing income for the purpose of determining the defendant's child support obligation based on his employment history, future earning capacity, and money received from friends and relatives (*see Hainsworth v Hainsworth*, 118 AD3d 747 [2014]; *Baumgardner v Baumgardner*, 98 AD3d 929 [2012]). The court's determination concerning the imputation of income was based on the resolution of credibility, which is given great deference on appeal (*see Khaimova v Mosheyev*, 57 AD3d 737 [2008]). There is no basis in the record to disturb the court's determination that the husband's testimony concerning his finances was not credible.

The defendant's remaining contentions are without merit. Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.