■ In the Matter of MELANIE K. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DOLORES F., Appellant. (Proceeding No. 1.) In the Matter of DORIANA F. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DOLORES F., Appellant. (Proceeding No. 2.) In the Matter of DOLORES F., Appellant, v ANDREW J.K. III, Respondent. (Proceeding No. 3.) [20 NYS3d 149]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated May 12, 2014. The order granted the motion of the Suffolk County Department of Social Services to settle an order in accordance with a stipulation placed on the record in open court on November 8, 2013.

Ordered that the order is affirmed, without costs or disbursements.

The parties in these related proceedings pursuant to Family Court Act articles 6 and 10 entered into a stipulation that was placed on the record in open court on November 8, 2013. The stipulation provided, among other things, that the mother would withdraw a pending custody petition, that the Suffolk County Department of Social Services (hereinafter DSS) would withdraw a pending neglect petition against her, and that the mother would participate in therapeutic counseling with her daughter Melanie, but have no other visitation with that child unless agreed to in a written agreement signed before a notary by both parents. The mother, who was represented by counsel, personally agreed, on the record, to enter into the stipulation.

Thereafter, DSS moved to settle an order in accordance with the stipulation. The mother opposed the motion, asserting that she was under duress when she entered into the stipulation and that, therefore, it was not enforceable. The Family Court rejected the mother's contention, granted DSS's motion, and settled an order in accordance with the stipulation. The mother appeals. We affirm.

"Stipulations of settlement are favored by the courts and are not lightly set aside" (*Bruckstein v Bruckstein*, 271 AD2d 389, 390 [2000]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Matter of Blackstock v Price*, 51 AD3d 914, 914 [2008]). "A party seeking to vacate a stipulation of settlement has the burden of showing that it resulted from duress, fraud, or over-reaching, or that its terms were unconscionable" (*Campione v Alberti*, 98 AD3d 706, 706-707 [2012]; *see Matter of Goldstein v Preisler*, 24 AD3d 441, 442 [2005]).

Here, in opposing DSS's motion to settle an order in accordance with the stipulation, the mother failed to demonstrate a basis to set aside the stipulation. The mother's general contentions that she felt pressured by the court and her attorney to enter into the stipulation were insufficient to establish coercion or duress so as to warrant setting it aside (*see Matter of Richmond v Perez*, 122 AD3d 928, 928-929 [2014]; *Matter of Strang v Rathbone*, 108 AD3d 565, 565-566 [2013]; *Matter of Blackstock v Price*, 51 AD3d at 914).

The mother's remaining contention, that she was deprived of the effective assistance of counsel, is without merit.

Accordingly, the Family Court properly granted DSS's motion to settle an order in accordance with the stipulation. Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.