■ AFAF ELSAYED, Respondent, v AHMED EDREES, Appellant. [35 NYS3d 411]—

Appeals from (1) an order of the Supreme Court, Kings County (Esther M. Morgenstern, J.), dated November 14, 2013, and (2) a judgment of that court dated January 6, 2014. The order, inter alia, determined the defendant's motion for certain relief. The judgment, insofar as appealed from, (a) upon an order of that court dated September 14, 2011, granting the plaintiff's motion for summary judgment on the cause of action for a divorce, awarded the plaintiff a divorce on the ground of cruel and inhuman treatment, (b) upon an order of that court dated June 26, 2012, entered on the defendant's consent, awarded custody of the parties' minor children to the plaintiff, and (c), after a nonjury trial, awarded the plaintiff child support and made an equitable distribution of the parties' marital assets.

Ordered that the appeal from the order dated November 14, 2013, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the judgment as, upon the order dated June 26, 2012, entered on the defendant's consent, awarded custody of the parties' minor children to the plaintiff, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as reviewed, without costs or disbursements.

The parties were married in 1991, and thereafter had four children, who were born between 1992 and 2004. In 2009, the plaintiff commenced this action for a divorce and ancillary relief. Following the commencement of the action, the plaintiff moved for summary judgment on the cause of action for a divorce on the ground of cruel and inhuman treatment. The

Supreme Court granted the plaintiff's motion in an order dated September 14, 2011. Thereafter, in an order dated June 26, 2012, the court, on the consent of the defendant, awarded custody of the parties' minor children to the plaintiff. In an order dated November 14, 2013, the court determined the defendant's motion for certain relief. Additionally, following a nonjury trial, and upon the orders dated September 14, 2011, and June 26, 2012, the court entered a judgment dated January 6, 2014, inter alia, awarding the plaintiff certain child support and declining to award the defendant a distributive share of the value of the plaintiff's nursing license. The defendant appeals from the order dated November 14, 2013, and the judgment dated January 6, 2014.

The appeal from the order dated November 14, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). We do not review the order dated November 14, 2013, on the appeal from the judgment, since the defendant advances no argument in his brief regarding that order (*see Gross v Johnson*, 102 AD3d 921 [2013]).

The appeal from so much of the judgment as, upon the order dated June 26, 2012, entered on the defendant's consent, awarded custody of the parties' minor children to the plaintiff, must also be dismissed, as no appeal lies from an order entered upon the consent of the appealing party, since a party who consents to an order is not aggrieved thereby (*see* CPLR 5511; *Matter of Gittens v Chin-On*, 19 AD3d 596 [2005]). To the extent that the defendant contends that he did not consent to the custody award, his remedy is to move in the Supreme Court to vacate or resettle the judgment and the order dated June 26, 2012 (*see Matter of Strang v Rathbone*, 108 AD3d 565, 565 [2013]; *Matter of Reilly v Reilly*, 49 AD3d 883, 884 [2008]).

The Supreme Court properly granted the plaintiff's motion for summary judgment on her cause of action for a divorce on the ground of cruel and inhuman treatment pursuant to Domestic Relations Law § 170 (1). The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence which established that in 2010 the defendant was convicted of, inter alia, attempted assault in the third degree after he physically assaulted the plaintiff in the presence of the parties' children (*see Brady v Brady*, 64 NY2d 339 [1985]; *Acito v Acito*, 21 AD3d 1044, 1045 [2005]). In opposition, the defendant failed to raise a triable issue of fact.

Contrary to the defendant's contention, the Supreme Court's determination of the issue of child support is supported by the record. "A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed" (*Matter of Thomas v DeFalco*, 270 AD2d 277, 278 [2000]; *see Mosso v Mosso*, 84 AD3d 757, 758 [2011]). Courts are afforded considerable discretion in imputing income (*see Morille-Hinds v Hinds*, 87 AD3d 526, 528 [2011]). Here, the court's discretionary determination to impute income to the defendant based upon his less than credible testimony is supported by the record (*see Gleicher v Gleicher*, 303 AD2d 549 [2003]).

The Supreme Court's determination of the issue of equitable distribution is also supported by the record. "Enhanced earnings from degrees and professional licenses attained during a marriage are subject to equitable distribution" (*Haspel v Haspel*, 78 AD3d 887, 890 [2010]; *see O'Brien v O'Brien*, 66 NY2d 576 [1985]). "Although the enhanced earnings from academic degrees and professional licenses attained during the marriage are subject to equitable distribution, it is incumbent upon the nontitled party seeking a distributive share of such assets to demonstrate a substantial contribution to the titled party's acquisition of that marital asset" (*Badwal v Badwal*, 126 AD3d 736, 737 [2015]). The nontitled spouse also has the burden of proving the asset's value so as to afford the court a sufficient basis upon which to make a distributive award (*see Vainchenker v Vainchenker*, 242 AD2d 620, 621 [1997]). Here, the court properly determined that the defendant failed to prove the value of the plaintiff's nursing license, or demonstrate that he made a substantial contribution to the acquisition of her nursing license (*see Badwal v Badwal*, 126 AD3d at 737; *Esposito-Shea v Shea*, 94 AD3d 1215, 1217 [2012]; *Higgins v Higgins*, 50 AD3d 852, 853 [2008]).

The defendant was assigned counsel for the custody portion of the matrimonial action. His contention that the Supreme Court erred when it relieved assigned counsel once the custody portion of the action was over is without merit (*see* Judiciary Law § 35 [8]; *Matter of Smiley*, 36 NY2d 433, 439 [1975]; *Meara v Meara*, 104 AD3d 916, 917 [2013]; *Hughes v Gallup-Hughes*, 90 AD3d 1087, 1088 [2011]).

The defendant's remaining contention is without merit. Hall, J.P., Roman, Cohen and Connolly, JJ., concur.