Matter of Rinaldi v Faiella (2019 NY Slip Op 03600)





Matter of Rinaldi v Faiella


2019 NY Slip Op 03600


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2018-07039
 (Docket No. V-752/53-17/17A)

[*1]In the Matter of Angela Rinaldi, appellant,
v
Jason Faiella, respondent.


Johnson & Cohen, LLP, White Plains, NY (Mitchell Y. Cohen of counsel), for appellant.
Rosenstrach & Beaver, LLP, Mamaroneck, NY (Thea S. Beaver of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Nilda Morales-Horowitz, J.), dated May 25, 2018. The order, upon consent of the parties, modified the parties' prior custody and parental access agreements.
ORDERED that the appeal is dismissed, without costs or disbursements.
Where, as here, an order recites that it is made on consent, it is not appealable, since a party who consents to an order is not aggrieved thereby (see CPLR 5511; Elsayed v Edrees, 141 AD3d 503, 504; Matter of Gittens v Chin-On, 19 AD3d 596). To the extent that the mother contends that she did not consent to the order, her remedy is to move in the Family Court to vacate or resettle the order (see Elsayed v Edrees, 141 AD3d at 504; Matter of Reilly v Reilly, 49 AD3d 883-884).
The mother's remaining contentions are not properly before this Court.
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court