Matter of Rodney A. R. v Govana R. (2019 NY Slip Op 08413)





Matter of Rodney A. R. v Govana R.


2019 NY Slip Op 08413


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2018-10434
 (Docket No. P-2593-18)

[*1]In the Matter of Rodney A. R. (Anonymous), appellant,
v
Govana R. (Anonymous), respondent.


Anne B. Letterio, Beacon, NY, for appellant.
Legal Services of the Hudson Valley, Newburgh, NY (Kassandra D. Brescia of counsel), for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act § 516-a to vacate an acknowledgment of paternity, the petitioner appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), entered August 6, 2018. The order, upon the petitioner's consent, dismissed the petition.
ORDERED that the appeal is dismissed, without costs or disbursements.
In June 2011, two days after the birth of the subject child, the petitioner executed an acknowledgment of paternity. In June 2018, he petitioned to vacate his acknowledgment of paternity. By order entered August 6, 2018, the Family Court, upon the petitioner's consent, dismissed the petition to vacate the acknowledgment of paternity. The petitioner appeals.
The petitioner is not aggrieved by the order entered August 6, 2018, as it was entered upon his consent (see CPLR 5511; Matter of Schiavone v Mannese, 169 AD3d 1052, 1053; Matter of O'Sullivan v Schebilski, 138 AD3d 1170, 1172). Accordingly, the appeal must be dismissed. To the extent that the petitioner contends on appeal that he did not consent to the dismissal of his petition, his remedy is to move in the Family Court to vacate or resettle the order (see Elsayed v Edrees, 141 AD3d 503, 504; Matter of Strang v Rathbone, 108 AD3d 565, 565; Matter of Polyak v Toyber, 2 AD3d 642, 642-643).
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court