Ilyasov v Ilyas (2023 NY Slip Op 05717)

Ilyasov v Ilyas

2023 NY Slip Op 05717

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2021-06299 
2021-07273
 (Index No. 11337/15)

[*1]Rafael Ilyasov, appellant, 
v
Leah Ilyas, respondent.

Levitsky Law Firm PLLC, Brooklyn, NY (Joanna Zieba and Yuriy Yaroslavskiy of counsel), for appellant.
Howard R. Teichner, Forest Hills, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) a judgment of divorce of the Supreme Court, Queens County (Jodi Orlow, J.), entered April 3, 2020, and (2) an order of the same court entered July 30, 2021. The judgment of divorce, insofar as appealed from, upon a decision of the same court entered July 12, 2019, made after a nonjury trial, (1) declined to make an equitable distribution award as to the defendant's nursing licenses and degrees, (2) directed that the plaintiff shall buy out the defendant's share of the marital residence for $330,000, or, if sold, each party shall receive 50% of the proceeds of the sale, with adjustments for any outstanding mortgage or unpaid taxes associated with the marital residence deducted from the plaintiff's share of the proceeds, and (3) awarded the plaintiff only 30% of the marital portion for his equitable share of the defendant's pension with 1199 SEIU Health Care Employees Pension Fund. The order, insofar as appealed from, without a hearing, denied that branch of the plaintiff's motion which was for an award of child support.
ORDERED that the judgment of divorce is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof directing that the plaintiff shall buy out the defendant's share of the marital residence for $330,000, or, if sold, each party shall receive 50% of the proceeds of the sale, with adjustments for any outstanding mortgage or unpaid taxes associated with the marital residence deducted from the plaintiff's share of the proceeds, and substituting therefor a provision directing that unless the plaintiff buys out the defendant's share of the marital residence for the sum of $223,937.14 within 120 days following the service upon him of a copy of this decision and order, the defendant is appointed receiver to take all reasonable efforts to effectuate the sale of the marital residence, with the proceeds to be divided equally, except that any unpaid property taxes associated with the marital residence and the unpaid balance of the home equity line of credit exceeding the sum of $212,125.73 are to be deducted or paid from the plaintiff's share of the sale proceeds, and the unpaid balance of the home equity line of credit up to the sum of $212,125.73 deducted or paid from both parties' share of the sale proceeds, and (2) by deleting the provision thereof awarding the plaintiff 30% of the marital portion for his equitable share of the defendant's 1199 SEIU Health Care Employees Pension Fund, and substituting therefor a provision awarding the plaintiff 50% of the marital portion for his equitable share of that pension fund; as so modified, the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The parties were married in 1987. The defendant left the marital residence in 2010. When the plaintiff commenced this action for a divorce and ancillary relief in September 2015, the parties had one minor child. At the start of a nonjury trial, the parties stipulated that the only remaining issues were child support and equitable distribution with respect to the defendant's nursing degree and licenses, the defendant's pensions, and the marital residence. Following the nonjury trial and upon a decision dated February 8, 2019, the Supreme Court entered a judgment of divorce, which (1) declined to make an equitable distribution award as to the defendant's nursing licenses and degrees, (2) directed that the plaintiff "buy out the defendant's share of the marital residence for $330,000," or, if sold, each party shall receive 50% of the proceeds of the sale, but adjustments for any outstanding mortgage or unpaid taxes associated would be deducted from the plaintiff's share of the proceeds, (3) awarded the plaintiff 30% of the marital portion of the defendant's pension with 1199 SEIU Health Care Employees Pension Fund, notwithstanding that it awarded him 50% of the defendant's second pension, and (4) directed that the plaintiff pay child support in the amount of $850 per month.
The plaintiff subsequently moved, inter alia, for a modification with respect to child support. By order entered July 30, 2021, the Supreme Court, without a hearing, denied that branch of the plaintiff's motion which was for an award of child support, but terminated his child support obligation.
The plaintiff appeals from the judgment of divorce and the order entered July 30, 2021.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in declining to make any equitable distribution award to the plaintiff relating to the defendant's nursing degrees and licenses. "Although the enhanced earnings from academic degrees and professional licenses attained during the marriage are subject to equitable distribution, it is incumbent upon the nontitled party seeking a distributive share of such assets to demonstrate a substantial contribution to the titled party's acquisition of that marital asset" (Badwal v Badwal, 126 AD3d 736, 737; see Belilos v Rivera, 164 AD3d 1411, 1414). Here, the court's determination that the plaintiff did not substantially contribute to the defendant's acquisition of her nursing degrees and licenses is supported by the record (see Badwal v Badwal, 126 AD3d at 737; Higgins v Higgins, 50 AD3d 852, 853).
With respect to the marital residence, the Supreme Court providently exercised its discretion in determining that the plaintiff is responsible for paying unpaid property taxes. Among other things, the plaintiff failed to adduce evidence that the unpaid property taxes accrued before this action was commenced in September 2015. However, the court improvidently exercised its discretion insofar as it did not divide the parties' responsibility for a home equity line of credit, secured by the marital residence, that was incurred during the marriage. "The burden of repaying marital debt should be equally shared by the parties, in the absence of countervailing factors, and any such liability should be distributed in accordance with general equitable distribution principles and factors" (Barra v Barra, 191 AD3d 831, 832; see Westreich v Westreich, 169 AD3d 972, 976). Here, contrary to the court's determination, the parties applied for a home equity line of credit in January 2004, and, as of October 1, 2010, prior to the commencement of this action, there was $212,125.73 outstanding on the credit line. Under the circumstances, the burden of repaying this marital debt, incurred during the marriage, should be equally shared by the parties (see Caracciolo v Chodkowski, 90 AD3d 801, 803). Accordingly, we modify the judgment to reflect that the parties are equally responsible for the $212,125.73 outstanding balance on the home equity credit line as of October 1, 2010.
Further, the Supreme Court improvidently exercised its discretion in awarding the plaintiff only 30% of the marital portion of the defendant's pension with 1199 SEIU Health Care [*2]Employees Pension Fund based on its unelaborated finding that the defendant left the marital residence "due to the abusive environment created by the plaintiff." The general rule in New York is that marital fault should not be considered in determining equitable distribution (see O'Brien v O'Brien, 66 NY2d 576, 589-590). Egregious marital fault may be considered as a factor only in rare cases involving egregious and extraordinary conduct which shocks the conscience of the court (see Domestic Relations Law § 236[B][5][d][14]; Howard S. v Lillian S., 14 NY3d 431, 435-436; Blickstein v Blickstein, 99 AD2d 287, 292). Here, contrary to the court's determination, this record does not support a finding of marital misconduct "so egregious or uncivilized as to bespeak of a blatant disregard of the marital relationship" (Blickstein v Blickstein, 99 AD2d at 292; see O'Brien v O'Brien, 66 NY2d at 590).
Contrary to the plaintiff's contention, the Supreme Court properly denied, without a hearing, that branch of his postjudgment motion which was for an award of child support. The court may modify an order of child support upon a showing of a substantial change in circumstances (see Family Ct Act § 451[3][a]; Matter of Evans v White, 173 AD3d 864, 865). "'The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification'" (Matter of Cywiak v Packman, 214 AD3d 652, 653, quoting Matter of Vetrano v Vetrano, 177 AD3d 890, 891). Under the circumstances present here, the plaintiff did not establish a substantial change in circumstances to warrant an award of child support to him, especially in light of the fact that, as of March 2021, the plaintiff was $18,000 in arrears on his support obligation and that the court modified the child support award by terminating his support obligation.
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court