Matter of Barrows v Ryan (2024 NY Slip Op 02186)

Matter of Barrows v Ryan

2024 NY Slip Op 02186

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-08654
 (Docket No. F-7765-22)

[*1]In the Matter of Judy Lynn Barrows, appellant,
v
Kevin Jerome Ryan, respondent.

Joan Iacono, Scarsdale, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Arlene Gordon-Oliver, J.), dated August 1, 2023. The order denied the mother's objections to an order of the same court (Esther R. Furman, S.M.) dated November 9, 2022, directing the father to pay, inter alia, the sum of $492 per month in basic child support and 35% of certain add-on expenses.
ORDERED that the order dated August 1, 2023, is reversed, on the law, without costs or disbursements, the mother's objections are granted, the order dated November 9, 2022, is vacated, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.
The parties, who were not married, have one child together. In September 2022, the mother commenced this proceeding against the father pursuant to Family Court Act article 4 for child support. During an appearance before the Family Court, the father verbally represented his income to the Support Magistrate, but the mother stated that she believed that the father's income was higher than what he represented. The Support Magistrate accepted the father's verbal representation of his income to calculate the father's support obligation pursuant to the Child Support Standards Act. The parties agreed to the calculated amount of support and the Support Magistrate issued an order dated November 9, 2022, which, inter alia, directed the father to pay basic child support in the sum of $492 per month and 35% of certain add-on expenses (hereinafter the order of support). The mother filed objections to the order of support. In an order dated August 1, 2023, the court denied the mother's objections, noting that the mother consented to the child support calculation performed by the Support Magistrate. The mother appeals.
The mother contends that she did not knowingly consent to the order of support. Generally, when an order of support is entered on the parties' consent, that consent must be given knowingly and voluntarily (see generally Matter of Michael J.F. v Jennifer M.B., 192 AD3d 556, 557; Matter of Richmond v Perez, 122 AD3d 928, 929). Here, after the mother indicated to the Support Magistrate that she believed that the father's income was higher than he verbally represented, the Support Magistrate erroneously indicated that the mother would bear the burden of proving the father's income during a hearing. The Support Magistrate's brief allocution did not correct this error (see Family Ct Act §§ 424-a, 413[1][k]). Therefore, under the particular facts of this case, it cannot be said that the mother's consent to the order of support was given knowingly. Thus, the Family Court should have granted the mother's objections.
Accordingly, we reverse the order dated August 1, 2023, grant the mother's objections, vacate the order of support, and remit the matter to the Family Court, Westchester County, for a hearing on the mother's petition.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court