Silla v Silla (2024 NY Slip Op 03507)

Silla v Silla

2024 NY Slip Op 03507

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2021-08756
2023-07341
 (Index No. 53275/18)

[*1]Thomas Silla, Jr., appellant, 
v
Melissa Silla, respondent.

Anthony M. Bramante, Brooklyn, NY, for appellant.
Melissa Free, named herein as Melissa Silla, Staten Island, NY, respondent pro se.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Joanne D. Quiñones, J.), dated November 17, 2021, and (2) a judgment of divorce of the same court dated May 19, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to hold the defendant in contempt for failing to comply with an order of the same court (Theresa M. Ciccotto, J.) dated September 24, 2018, and an order of the same court (Joanne D. Quiñones, J.) dated May 11, 2021, and for an award of counsel fees, and, sua sponte, reduced the defendant's pendente lite child support obligation. The judgment of divorce, insofar as appealed from, upon a decision of the same court (Joanne D. Quiñones, J.) dated December 22, 2022, made after a nonjury trial, in effect, directed the defendant to pay the plaintiff unpaid pendente lite child support in the principal sum of only $8,108.55 and failed to award the plaintiff counsel fees.
ORDERED that the appeal from the order dated November 17, 2021, is dismissed; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order dated November 17, 2021, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce in the action (see Matter of Aho, 39 NY2d 241, 248).
The parties were married and have two children. In June 2018, the plaintiff commenced this action for a divorce and ancillary relief. In orders dated September 24, 2018, and May 11, 2021, the Supreme Court addressed the defendant's pendente lite child support obligation. Thereafter, the plaintiff moved, inter alia, to hold the defendant in contempt for failing to comply with her pendente lite child support obligation as set forth in the orders dated September 24, 2018, and May 11, 2021, and for an award of counsel fees. In an order dated November 17, 2021, the court, among other things, denied those branches of the plaintiff's motion and, sua sponte, reduced [*2]the defendant's pendente lite child support obligation. Following a nonjury trial, inter alia, on the issues of custody and child support, the court issued a judgment of divorce dated May 19, 2023. The plaintiff appeals.
The Supreme Court properly denied that branch of the plaintiff's motion which was to hold the defendant in contempt for failing to comply with the pendente lite child support obligations in the orders dated September 24, 2018, and May 11, 2021. It cannot be said that the relevant provisions of those orders clearly expressed an unequivocal mandate that could support a finding of contempt (see Sterngass v Town Bd. of Town of Clarkstown, 27 AD3d 550, 551; Ottomanelli v Ottomanelli, 17 AD3d 647, 648; see also Matter of Ainsley v Parke, 215 AD3d 827, 828).
The plaintiff contends that the Supreme Court should not have, sua sponte, reduced the defendant's pendente lite child support obligation. However, the propriety of a pendente lite order of child support may not be reviewed on an appeal from the judgment of divorce (see Badwal v Badwal, 126 AD3d 736, 737; Anderson v Anderson, 50 AD3d 610; Samuelsen v Samuelsen, 124 AD2d 650). In any event, it is the general rule that the proper remedy for any perceived inequity in a pendente lite award is a speedy trial (see Berlly v Berlly, 237 AD2d 553, 553-554; Samuelsen v Samuelsen, 124 AD2d at 652). Here, the trial has been completed, and the judgment of divorce has been issued.
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court