■ ANASTASIA BELCHOU et al., Appellants, v ATLANTIC & PACIFIC TEA Co., Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Burchell, J.), entered July 10, 1985, as denied their motion to vacate a stipulation of settlement entered into by the parties on October 15, 1984, and to restore the case to the Trial Calendar.

Ordered that order is affirmed, insofar as appealed from, with costs.

Some seven months after the date of a stipulation of settlement entered into by the parties in open court and in the presence of counsel, the plaintiffs sought to have it set aside on the ground that, due to Anastasia Belchou's limited knowledge of the English language, she was unable to comprehend the significance of the proceedings and was pressured into settling her claim. Significantly, the plaintiffs' moving papers contain no mention of the fact that her husband and coplaintiff, who spoke English and Greek fluently, served as a translator for her during the settlement proceedings.

Stipulations of settlement are judicially favored and are not lightly cast aside absent cause sufficient to invalidate a contract (Hallock v State of New York, 64 NY2d 224, 230; Lynch v Lynch, 105 AD2d 1069, 1070). In the instant case, the record reveals no such circumstances. Unsupported assertions of coercion cannot form the basis for vacating a stipulation of settlement particularly where, as here, there was nothing inequitable about the subject settlement (see, Anderson v Anderson, 90 AD2d 763, 764). Accordingly, the plaintiffs' motion was properly denied. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.