■ CHERYL PASSAVANTI, Respondent, v LAWRENCE A. PEZ-ZULLO, Appellant.—In an action, *inter alia,* to recover damages for unlawful eviction, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated April 29, 1986, which denied his motion to vacate a stipulation of settlement entered into by the parties on January 27, 1986 and to restore the case to the Trial Calendar.

Ordered that the order is affirmed, with costs.

The stipulation of settlement provided that neither the plaintiff nor anyone on her behalf would contact the press as to the settlement proceedings. Shortly thereafter, a person identifying himself as a reporter for the New York Post telephoned the plaintiff and her attorneys wishing to discuss the settlement. Both the plaintiff and her attorneys refused comment. The defendant subsequently moved to vacate the settlement on the ground that the plaintiff had breached its terms by contacting the press. The court denied the motion and this appeal ensued.

Stipulations of settlement are highly favored by the courts and will not lightly be set aside *(Hallock v State of New York,* 64 NY2d 224, 230; *Belchou v Atlantic & Pac. Tea Co.,* 126 AD2d 506), absent a cause sufficient to invalidate a contract such as fraud, collusion, mistake or accident *(Hallock v State of New York, supra; Fourth Ocean Putnam Corp. v Suburbia Fed. Sav. & Loan Assn.,* 124 AD2d 550, 552). There is no evidence in the record that it was the plaintiff or her agent who contacted the press nor is there any evidence that the terms of the settlement have been disclosed. Absent such a showing, there is no reason to set aside the agreement. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.