■ RICHARD STOLL, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Appellants. [701 NYS2d 430] —Order, Supreme Court, New York County (Emily Goodman, J.), entered December 18, 1998, which denied defendants' motion to enforce a stipulation of settlement on plaintiff's behalf, granted plaintiff's cross motion to vacate the stipulation, and denied defendants' cross motion to strike plaintiff's note of issue and certificate of readiness, unanimously reversed, on the law, without costs, the motion to enforce the stipulation is granted, and plaintiff's cross motion is denied, rendering academic the appeal from denial of defendants' cross motion.

Former attorney Taylor represented plaintiff at two court-

sponsored mediation conferences, the second of which led to a $225,000 settlement of the personal injury claim. This included a negotiated settlement of a workers' compensation lien, leaving plaintiff with a net recovery of between $115,000 (Taylor's estimate) and $127,300 (defendants' estimate). Plaintiff declined to sign the release, asserting that he expected the settlement would leave unaffected his continuing receipt of workers' compensation benefits. Taylor responded that the negotiated stipulation was well within the parameters of plaintiff's stated settlement expectation ($50,000), and that he had indeed counseled plaintiff as to the effect such a settlement would have on his continuing workers' compensation credits. Taylor's affidavit was offered in support of defendants' motion to enforce the stipulation of settlement.

There is a factual dispute as to whether Taylor had actual authority to enter into a settlement on plaintiff's behalf (*see, Suslow v Rush*, 161 AD2d 235). However, even a party who is not present at the negotiation may still be bound by the settlement if he has cloaked his attorney with apparent authority (*Hallock v State of New York*, 64 NY2d 224). Here, the mediator had instructed counsel to come to the table with full authority to enter into a settlement. Taylor's participation in the negotiations, with plaintiff's knowledge and authorization, was consistent with such apparent authority. Our disposition obviates the necessity of considering the subject of defendants' cross motion. Concur—Nardelli, J. P., Williams, Mazzarelli and Wallach, JJ.