Neil R. Bercow et al., Appellants, v Paul S. Damus et al., Respondents. [776 NYS2d 289]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Austin, J.), entered January 2, 2003, as, after a nonjury trial, dismissed the plaintiffs' cause of action alleging breach of contract.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On November 15, 1993, the defendant Paul S. Damus, and the plaintiff Neil R. Bercow, M.D., entered into a five-year employment agreement which provided that Damus would employ Bercow as a surgeon in his medical practice. Damus was a preeminent cardiothoracic surgeon. Bercow had just completed his residency and had never been in private practice. By entering into the agreement, Damus envisioned the start of a successful business relationship with Bercow, whom he would train. Toward that end, the employment agreement provided that upon successful completion of the five years, the parties would enter into a 50/50 partnership as set forth in a proposed shareholders' agreement attached as an exhibit to the employment agreement.

Before the completion of the five years, it became apparent to Damus that a 50/50 partnership was unacceptable due to the unforeseen divergent income streams that had developed between him and Bercow. Managed care had resulted in a dramatic reduction in the fees Bercow realized. Due solely to his renown and expertise, Damus was able to avoid a similar impact because patients were willing to pay him full fees to obtain his services. When Damus communicated his concerns to Bercow, Bercow expressed concerns, too, but over the buyout provision of the proposed shareholders' agreement. The proposed shareholders' agreement was never executed, and a new corporation was never formed. Damus proposed new terms for continuing their relationship, but such terms were rejected by Bercow after several months of negotiation. Bercow stayed on past the expiration date of his employment contract, but eventually left to start his own practice when the parties could not reach any agreement.

The determination of the trial court after a nonjury trial

should not be disturbed on appeal unless it is clear that the court's conclusions could not have been reached upon a fair interpretation of the evidence, especially where the findings of fact rest in large measure on considerations relating to the credibility of witnesses (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]; *Loughran v Town of Eastchester*, 299 AD2d 328 [2002]; *Matter of Hartford Ins. Co. v Khan*, 279 AD2d 524 [2001]).

Contrary to the plaintiffs' contentions, the trial court's determination with regard to whether the parties mutually repudiated or abandoned the proposed shareholders' agreement was based on a fair interpretation of the evidence. The issue of repudiation or abandonment is an issue of fact (*see Matter of Rothko,* 43 NY2d 305, 324 [1977]). "[A]bandonment of a contract need not be express, but may be inferred from the conduct of the parties and the attendant circumstances" (*Savitsky v Sukenik,* 240 AD2d 557, 559 [1997]). Bercow's conduct was reasonably construed by the trial court as an abandonment or repudiation of the proposed shareholders' agreement. Having acquiesced to Damus' repudiation, Bercow could no longer sue to recover damages for breach of contract (*see Savitsky v Sukenik, supra*).

In view of our determination, the plaintiffs' remaining contentions need not be addressed. S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.