■ Roy Desantis et al., Appellants, v Ariens Company, Respondent. [792 NYS2d 599]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated June 3, 2004, as denied their motion to vacate a stipulation of settlement and to restore the action to the trial calendar.

Ordered that the order is affirmed insofar as appealed from, with costs.

Stipulations of settlement are favored by the courts and a stipulation made on the record in open court will not be set aside absent a showing that it was the result of fraud, overreaching, mistake, or duress (see McCoy v Feinman, 99 NY2d 295, 302 [2002]; Hallock v State of New York, 64 NY2d 224, 230 [1984]; Cavalli v Cavalli, 226 AD2d 666 [1996]).

The plaintiffs' contentions that they entered into the settlement under duress because they were in shock over the jury's verdict and were given only a few minutes by the court to make a decision regarding the settlement, if true, were insufficient to warrant vacatur of the stipulation of settlement. "In order to prove legal duress, a party must adduce evidence that a wrongful threat precluded the exercise of the party's free will (Sontag v Sontag, 114 AD2d 892, 894 [1985]). Generalized contentions that a party felt pressured by the court are insufficient (Sontag v Sontag, supra)" (Cavalli v Cavalli, supra at 667). The injured plaintiff's statements amounted to nothing more than a generalized contention that he felt pressured to make a decision regarding the settlement offer. Accordingly, the Supreme Court correctly denied the plaintiffs' motion to vacate the stipulation of settlement.

The plaintiffs' remaining contentions are without merit. S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.