■ BOARD OF MANAGERS OF THE ATRIUM CONDOMINIUM, Respondent, v WEST 79TH STREET CORP. et al., Defendants, and DOWNTOWN ENTERPRISES, L.L.C., et al., Appellants. [798 NYS2d 8]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered May 24, 2004, which denied the motion of defendants Downtown Enterprises and Life Night Club and nonparty New Village Gate to set aside a 1999 pretrial stipulation on grounds of duress, unanimously affirmed, with costs.

The stipulation in question was intended to resolve a dispute over late-night noise levels emanating from the night club. Stipulations in settlement of disputes are judicially favored and not lightly set aside (*Matter of Guttenplan*, 222 AD2d 255 [1995], *lv denied* 88 NY2d 812 [1996]). Here, defendants failed to proffer any basis for voiding the stipulation. The potential issuance of a temporary restraining order is not a "wrongful threat," nor were defendants deprived of their free will by virtue of the court adopting such a course of action (*see Kranitz v Strober Org.*, 181 AD2d 441 [1992]). Furthermore, defendants benefitted from the stipulation, and then waited nearly six months after its execution before moving to vacate it on grounds of duress.

The supporting papers on the motion urged the recusal of the assigned justice. That request was not based on any of the grounds specified in Judiciary Law § 14. Absent such grounds,

the trial judge is the sole arbiter of recusal (*People v Moreno*, 70 NY2d 403 [1987]). Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.