OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
Substantial justice was done between the parties in accordance with the rules and principles of substantive law in this small claims action for breach of an oral contract for freelance design work (see CCA 1804, 1807). The court below could properly find from the evidence submitted at trial and its evaluation of the parties’ credibility (see Bercow v Damus, 5 AD3d 711 [2004]; Friedenberg v Mollen, 7 Misc 3d 133[A], 2005 NY Slip Op 50610[U] [App Term, 2d & 11th Jud Dists 2005]) that defendant had retained plaintiff to design surfacing tiles and materials for defendant’s booth at a trade show, using defendant’s facilities and materials; that defendant agreed to compensate, and in fact compensated plaintiff for this design work; and that plaintiff understood that he was to design the tiles and materials for defendant’s principal benefit, yet retained the designs and tiles and showed them at his own booth at the trade show, thus depriving defendant of the benefit of his bargain.
Contrary to plaintiffs contention on appeal, the federal law of copyright, insofar as it may be applicable to plaintiffs claim to ownership of the tiles that he designed and the rights thereto, does not preempt defendant’s counterclaim, which seeks repayment of freelance compensation that defendant paid to plaintiff over the period during which plaintiff designed the tiles and surface materials, supposedly for defendant’s use at the trade show. The law of copyright is immaterial to defendant’s claim. Defendant simply alleged that he paid plaintiff for work for which plaintiff took all the benefit. He sought the amount of this compensation, not the value of the designs or materials, or the rights to them, which, as the court below noted, could not at any rate be decided in the small claims forum.
Pesce, P.J., Weston Patterson and Golia, JJ., concur.