In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kurtz, J.), dated November 9, 2011, which granted the defendants’ separate motions to enforce a settlement agreement dated May 12, 2011, and denied her cross motion, in effect, to vacate the settlement agreement and restore the action to the trial calendar.
Ordered that the order is affirmed, with one bill of costs.
“Stipulations of settlement are favored by the courts and not lightly cast aside” (Hallock v State of New York, 64 NY2d 224, 230 [1984]). “To be enforceable, stipulations of settlement must conform to the requirements of CPLR 2104. Pursuant to CPLR *863 2104, a stipulation of settlement is not enforceable unless it is made in open court, reduced to a court order and entered, or contained in a writing subscribed by the parties or their attorneys” (Peralta v All Weather Tire Sales & Serv., Inc., 58 AD3d 822, 822 [2009] [citations and internal quotation marks omitted]).
Here, the requirements of CPLR 2104 have been satisfied, as the parties’ settlement agreement is contained in a writing subscribed by the parties’ attorneys. The plaintiffs contention that the defendants abandoned the settlement agreement is contradicted by the record (cf. Bercow v Damus, 5 AD3d 711, 712 [2004]). Moreover, the record is devoid of any evidence of “duress, illegality, fraud, or mutual mistake” (Haynes v Garez, 304 AD2d 714, 715 [2003]). The plaintiff’s unsubstantiated claims that she lacked sufficient time to deliberate and was overly medicated when she agreed to accept the defendants’ settlement offer do not entitle her to relief “from the consequences of a stipulation made during litigation” (Hallock v State, 64 NY2d at 230; see Desantis v Ariens Co., 17 AD3d 311 [2005]; Belchou v Atlantic & Pac. Tea Co., 126 AD2d 506 [1987]). Accordingly, the Supreme Court properly granted the defendants’ separate motions to enforce the settlement agreement and properly denied the plaintiffs cross motion, in effect, to vacate the settlement agreement and restore the action to the trial calendar. Skelos, J.R, Angiolillo, Roman and Miller, JJ., concur.