In an action, inter alia, to recover damages for battery, false imprisonment, and defamation, the plaintiff appeals from an order of the Supreme Court, Queens County (McDonald, J.), entered September 5, 2012, which, after *697 a hearing, denied that branch of her motion which was to vacate a written stipulation of settlement dated October 26, 2011, and to restore the matter to the trial calendar.
Ordered that the order is affirmed, with one bill of costs.
“Stipulations of settlement are judicially favored, will not lightly be set aside, and ‘are to be enforced with rigor and without a searching examination into their substance’ as long as they are ‘clear, final and the product of mutual accord’ ” (Peralta v All Weather Tire Sales & Serv., Inc., 58 AD3d 822, 822 [2009], quoting Bonnette v Long Is. Coll. Hosp., 3 NY3d 281, 286 [2004]; see Forcelli v Gelco Corp., 109 AD3d 244, 247-248 [2013]). A stipulation of settlement may not be set aside except on a showing of fraud, collusion, mistake, or accident (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Esposito v Podolsky, 104 AD3d 903, 905-906 [2013]). Here, the plaintiff failed to demonstrate a basis for setting aside the written stipulation of settlement (see Colon v Rite Fold Corp., 106 AD3d 862 [2013]; Lazar v Lazar, 88 AD3d 852 [2011]; Rubin v Rubin, 33 AD3d 983, 985-986 [2006]; Strangolagalli v Strangolagalli, 295 AD2d 338 [2002]; see also Ross v Clyde Beatty-Cole Bros. Circus, 26 AD3d 321 [2006]).
Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.