■ RICARDO LOPEZ, Appellant, v RAMAKRISHNA REDDI MUT-TANA, M.D., Respondent, et al., Defendant. [41 NYS3d 113]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Richmond County (Green, J.), dated April 22, 2015, which, inter alia, denied his motion, in effect, to set aside a stipulation of settlement and restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

After commencing this action to recover damages for medical malpractice, and shortly before the matter was to be tried, the plaintiff, by his former counsel, entered into a stipulation of settlement disposing of the case in exchange for a monetary payment. More than 18 months later, the plaintiff moved, in effect, to set aside the stipulation and restore the action to the trial calendar, claiming that the actions of the trial court and his former counsel had forced him to enter into the stipulation under duress. The Supreme Court denied the motion, and we affirm.

Stipulations of settlement, particularly those entered into in open court pursuant to CPLR 2104, are favored by the courts and will not be cast aside lightly (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Stein v Stein, 130 AD3d 604, 605 [2015]). In order to be relieved of the consequences of a stipulation, a party must establish grounds to invalidate a contract, such as duress, fraud, mistake, or accident (see Hallock v State of New York, 64 NY2d at 230; Matter of Melanie K. [Dolores F.], 133 AD3d 756, 757 [2015]). "Repudiation of an agreement on the ground that it was procured under duress requires the showing of a wrongful threat and the preclusion of the exercise of free will" (Wujin Nanxiashu Secant Factory v Ti-Well Intl. Corp., 14 AD3d 352, 352 [2005]; see Desantis v Ariens Co., 17 AD3d 311 [2005]). Moreover, an agreement which is the product of duress must be promptly repudiated (see Livathinos v Vaughan, 121 AD3d 485 [2014]; Morad v Morad, 27 AD3d 626 [2006]; 110 Sand Co. v Nassau Land Improvement Co., 7 AD3d 497 [2004]).

Here, the plaintiff failed to allege any unlawful or wrongful threat by his former counsel or by the trial court that could serve as the basis for a claim of duress (see Philips S. Beach,

*LLC v ZC Specialty Ins. Co.*, 55 AD3d 493 [2008]; *Board of Mgrs. of Atrium Condominium v West 79th St. Corp.*, 19 AD3d 241 [2005]; *Desantis v Ariens Co.*, 17 AD3d 311 [2005]; *Wujin Nanxiashu Secant Factory v Ti-Well Intl. Corp.*, 14 AD3d 352 [2005]; *Fred Ehrlich, P.C. v Tullo*, 274 AD2d 303 [2000]). In any event, even if the plaintiff had adequately alleged duress, his substantial and inexcusable delay in seeking to repudiate the stipulation of settlement warranted the denial of his motion (*see e.g. Kaminsky v Herrick, Feinstein LLP*, 59 AD3d 1 [2008]; *Board of Mgrs. of Atrium Condominium v West 79th St. Corp.*, 19 AD3d 241 [2005]; *Matter of Bouloy v Peters*, 262 AD2d 209 [1999]; *Matter of Guttenplan*, 222 AD2d 255 [1995]).

The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court (*see e.g. Flagstar Bank, FSB v Titus*, 120 AD3d 469 [2014]; *Infra-Metals Co. v DK Indus. Servs. Corp.*, 120 AD3d 762 [2014]; *Delijani v Delijani*, 100 AD3d 951 [2012]; *Perez v Fiore*, 78 AD3d 1143 [2010]).

Accordingly, the Supreme Court properly denied the plaintiff's motion, in effect, to set aside the stipulation of settlement and restore the action to the trial calendar. Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.