■ ANGELA PIETER, Appellant, v NICHOLE M. POLIN et al., Respondents. PULVERS, PULVERS & THOMPSON, LLP, Nonparty Respondent. [50 NYS3d 498]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, as limited by

her brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered June 4, 2014, as, after a hearing, denied her motion to set aside a stipulation of discontinuance dated May 23, 2012, and granted that branch of the cross motion of the nonparty-respondent which was for an award of costs.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants-respondents and the nonparty-respondent appearing separately and filing separate briefs.

"Stipulations of settlement are favored by the courts and not lightly cast aside" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *see Lopez v Muttana*, 144 AD3d 871, 871 [2016]; *Yan Ping Liang v Wei Xuan Gao*, 118 AD3d 696, 697 [2014]; *Forcelli v Gelco Corp.*, 109 AD3d 244, 247-248 [2013]; *Campione v Alberti*, 98 AD3d 706, 706 [2012]). The party seeking to vacate or set aside a stipulation of settlement has the burden of establishing good cause sufficient to invalidate a contract, such as that the stipulation was the result of duress, fraud, or over-reaching, or that the terms of the stipulation were unconscionable, in order to be relieved from the consequences of the stipulation (*see Lopez v Muttana*, 144 AD3d at 871; *Matter of Melanie K. [Dolores F.]*, 133 AD3d 756, 757 [2015]; *Yan Ping Liang v Wei Xuan Gao*, 118 AD3d at 697; *Campione v Alberti*, 98 AD3d at 707). Unsubstantiated or conclusory allegations are insufficient (*see HSBC Bank USA, N.A. v Wielgus*, 131 AD3d 510, 511 [2015]; *Rogers v Malik*, 126 AD3d 874, 875 [2015]). Here, contrary to the plaintiff's contention, the Supreme Court properly determined that she failed to demonstrate good cause to vacate the stipulation discontinuing the action against the defendant Edmond Herrold (*see Lopez v Muttana*, 144 AD3d at 871; *Yan Ping Liang v Wei Xuan Gao*, 118 AD3d at 697; *Campione v Alberti*, 98 AD3d at 707). In any event, even if the plaintiff had adequately established her claim that the stipulation was procured by fraud, her substantial and inexcusable delay in seeking to vacate the stipulation warranted denial of the motion (*see Lopez v Muttana*, 144 AD3d at 871).

The Supreme Court providently exercised its discretion in granting that branch of the cross motion of the nonparty-respondent which was for an award of costs due to the frivolous conduct of the plaintiff's counsel (*see Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc.*, 142 AD3d 1124, 1125 [2016]; *Strunk v New York State Bd. of Elections*, 126 AD3d 779, 781 [2015]; *Matter of Khan-Soleil v*

*Rashad*, 111 AD3d 727, 728 [2013]). Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.