Amerally v Liberty King Produce, Inc. (2019 NY Slip Op 01550)





Amerally v Liberty King Produce, Inc.


2019 NY Slip Op 01550


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-00641
 (Index No. 18101/12)

[*1]Nazema Amerally, respondent, 
v
Liberty King Produce, Inc., etc., appellant.


McManus Ateshoglou Aiello & Apostolakos, PLLC, New York, NY (Christopher D. Skoczen of counsel), for appellant.
Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY (Jonathan A. Dachs of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated September 6, 2017. The order, after a hearing, denied the defendant's motion to enforce a settlement agreement and granted the plaintiff's cross motion to vacate the settlement agreement.
ORDERED that the order is reversed, on the law and the facts, with costs, the defendant's motion to enforce the settlement agreement is granted, and the plaintiff's cross motion to vacate the settlement agreement is denied.
The plaintiff allegedly was injured when she tripped and fell over a hose outside of a store owned by the defendant. The plaintiff thereafter commenced this action to recover damages for personal injuries. While the action was pending, the attorneys for both parties participated in mediation and signed an agreement settling the matter for the sum of $150,000 (hereinafter the settlement agreement). The defendant sent the plaintiff's attorney closing documents to execute and return and, when the plaintiff failed to execute and return the documents, the defendant moved to enforce the settlement agreement. The plaintiff, by a new attorney, cross-moved to vacate the settlement agreement on the ground that she never gave her former attorney authority to settle the action for the sum of $150,000, and she was unaware a settlement had been reached until several weeks after the mediation. After a hearing, the Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals.
"Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230; see Lopez v Muttana, 144 AD3d 871, 871; Yan Ping Liang v Wei Xuan Gao, 118 AD3d 696, 697). A settlement agreement that is not made in open court "is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered" (CPLR 2104). Here, the settlement agreement complied with the requirements of CPLR 2104, as it was in writing and subscribed to by the attorneys for both parties.
"A stipulation made by the attorney may bind a client even where it exceeds the [*2]attorney's actual authority if the attorney had apparent authority to enter into the stipulation" (Davidson v Metropolitan Tr. Auth., 44 AD3d 819, 819; see Hallock v State of New York, 64 NY2d at 231). Here, the plaintiff is bound by the settlement agreement signed by her former attorney. Even if the attorney lacked actual authority to enter into the settlement agreement on the plaintiff's behalf, a finding that he had the apparent authority to do so is warranted by the facts (see Anghel v Utica Mut. Ins. Co., 164 AD3d 1294). The plaintiff's former attorney participated in the mediation with the plaintiff's knowledge and consent, and represented to the mediator and to defense counsel that a representative from his office had spoken with the plaintiff and obtained authority to settle the action for the sum of $150,000. Additionally, the law firm that employed the attorney who participated in the mediation was the plaintiff's attorney of record in the action, and attorneys from that law firm signed and verified the summons and complaint and signed and certified a note of issue filed in the action (see Chae Shin Oh v Jeannot, 160 AD3d 701, 702-703; Stoll v Port Auth. of N.Y. & N.J., 268 AD2d 379, 379-380).
"The party seeking to vacate or set aside a stipulation of settlement has the burden of establishing good cause sufficient to invalidate a contract, such as that the stipulation was the result of duress, fraud, or overreaching, or that the terms of the stipulation were unconscionable, in order to be relieved from the consequences of the stipulation" (Pieter v Polin, 148 AD3d 1191, 1192). Here, the plaintiff failed to establish that the terms of the settlement agreement were so unfair or one-sided as to "shock the conscience and confound the judgment of any person of common sense" (O'Hanlon v O'Hanlon, 114 AD3d 915, 916 [internal quotation marks omitted]), or that it was based on a mistake made despite the exercise of ordinary care (see Yorker v Daniel Yorker, Ltd., 12 AD3d 506, 506).
Accordingly, the Supreme Court should have granted the defendant's motion to enforce the settlement agreement, and denied the plaintiff's cross motion to vacate the settlement agreement.
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court