City of New York v Quadrozzi (2019 NY Slip Op 02849)





City of New York v Quadrozzi


2019 NY Slip Op 02849


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-04236 
2016-04237
 (Index No. 8442/10)

[*1]City of New York, et al., respondents, 
v
John Quadrozzi, Jr., etc., appellant, et al., defendants.


Paykin Krieg & Adams LLP, Purchase, NY (Joseph N. Paykin of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack, Susan P. Greenberg, and Kevin Osowski of counsel), for respondents.



DECISION & ORDER
In an action to compel compliance with the New York City Landmarks Preservation Law, the defendant John Quadrozzi, Jr., appeals from (1) an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated November 19, 2015, and (2) a judgment of the same court entered March 8, 2016. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was to enforce a so-ordered stipulation of settlement dated April 29, 2013. The judgment, upon the order, is in favor of the plaintiffs and against the defendant John Quadrozzi, Jr., in the total sum of $160,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been
considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The defendant John Quadrozzi, Jr. (hereinafter the defendant), is the owner of two adjacent properties located within the Cobble Hill Historic District of Brooklyn. In 2010, the City of New York and the Landmarks Preservation Commission commenced the instant action, inter alia, to compel the defendant to comply with his obligation to maintain the properties "in good repair" (Administrative Code of City of NY § 25-311[a]). In a so-ordered stipulation of settlement dated April 29, 2013, the defendant agreed to make certain repairs by June 30, 2014, and other repairs by September 30, 2014. The stipulation also provided that if such repairs were not timely completed, the defendant would pay the City of New York a $150,000 fine. Further, the stipulation set forth that if the defendant did not complete the repairs within 30 days following the issuance of an order finding that he had failed to comply with the deadlines, he would pay the City of New York $1,000 per week until the repairs were completed.
In January 2015, the plaintiffs moved to enforce the so-ordered stipulation of settlement and to hold the defendant in civil contempt of court. In opposition, the defendant conceded that the repairs had not been completed, but argued that it was impossible for him to comply with the so-ordered stipulation of settlement because he was unable to obtain the necessary permits. Although the motion was adjourned three times to give the defendant an opportunity to obtain the necessary permits, the defendant failed to submit the applications for building permits. In an order dated November 19, 2015, the Supreme Court granted that branch of the plaintiffs' motion which was to enforce the so-ordered stipulation of settlement, but denied that branch of the motion which was to hold the defendant in contempt. After the defendant failed to complete the repairs within 30 days after the issuance of the order, a judgment was entered in favor of the plaintiffs and against the defendant in the total sum of $160,000, representing the $150,000 fine plus $1,000 per week for 10 weeks. The defendant appeals.
"Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State, 64 NY2d 224, 230; see Pieter v Polin, 148 AD3d 1191, 1192). A party opposing the enforcement of a stipulation of settlement has the burden of establishing grounds sufficient to invalidate a contract, such as duress, fraud, or overreaching (see Premier Ford NY, Inc. v Ryan, 162 AD3d 699, 701; Lopez v Muttana, 144 AD3d 871, 871). Here, contrary to the defendant's contention, it was not impossible for him to comply with the stipulation due to circumstances beyond his control (see Freedman v Hason, 155 AD3d 831, 833; Matter of Rebell v Trask, 220 AD2d 594, 598). The record establishes that the defendant failed to apply for a building permit even after the Supreme Court granted him three extensions (see Matter of 35 Jackson House Apts. Corp. v Yaworski, 163 AD3d 805, 806). Accordingly, we agree with the court's determination granting that branch of the plaintiffs' motion which was to enforce the so-ordered stipulation of settlement.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court