Carew v Baker (2019 NY Slip Op 06588)





Carew v Baker


2019 NY Slip Op 06588


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-09101
 (Index No. 8489/17)

[*1]Gerald Carew, appellant,
v
Michael Baker, et al., respondents.


Gerald Carew, Saint Albans, NY, appellant pro se.
Kelly D. MacNeal, New York, NY (Gregory Glickman and Hanh H. Le of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered March 15, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211(a).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was employed by the New York City Housing Authority (hereinafter NYCHA). In 2016, NYCHA preferred disciplinary charges against the plaintiff, alleging that he stole a coworker's tool and provided false information to investigators.
During the course of the plaintiff's disciplinary hearing, the plaintiff, represented by counsel, entered into a settlement agreement with NYCHA, which was acting "on its own behalf and on behalf of its present and former . . . employees." Pursuant to the terms of the settlement agreement, NYCHA agreed to discontinue the disciplinary proceeding and remove a letter of disciplinary charges from the plaintiff's personnel file. In return, the plaintiff agreed to retire from his employment with NYCHA and to release NYCHA and its employees "from all claims or causes of action he may have or claim to have . . . including any and all claims in any way arising out of, or related to, his employment with NYCHA, or his separation from that employment."
The plaintiff subsequently commenced this action to recover damages for defamation. The complaint alleged that the defendants, who were also employees of NYCHA, falsely accused him of stealing the coworker's tool. The complaint alleged that these accusations led to the disciplinary charges that were preferred by NYCHA against the plaintiff.
The defendants subsequently moved, inter alia, to dismiss the complaint pursuant to CPLR 3211(a). In support of that branch of their motion, the defendants contended, among other things, that the complaint failed to state a cause of action (see CPLR 3211[a][7]), and that the action was barred by the release contained in the settlement agreement that had been executed by the plaintiff and NYCHA (see CPLR 3211[a][5]).
In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211(a), determining that the action was subject to dismissal for failure to state a cause of action. The plaintiff appeals. We affirm, albeit on grounds different from those relied upon by the Supreme Court (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546).
"A party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the cause of action may not be maintained because of . . . [a] release" (CPLR 3211[a][5]). "A release is a contract, and its construction is governed by contract law" (Kaminsky v Gamache, 298 AD2d 361, 361; see Rivera v Wyckoff Hgts. Med. Ctr., 113 AD3d 667, 670). "Where . . . the language of a release is clear and unambiguous, the signing of a release is a jural act' binding on the parties" (Booth v 3669 Delaware, 92 NY2d 934, 935, quoting Mangini v McClurg, 24 NY2d 556, 563; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276). "Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276 [internal quotation marks omitted]). "A release may be invalidated, however, for any of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake'" (id., quoting Mangini v McClurg, 24 NY2d at 563; see Shklovskiy v Khan, 273 AD2d 371, 372). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release'" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276, quoting Fleming v Ponziani, 24 NY2d 105, 111; see Powell v Adler, 128 AD3d 1039, 1040; Davis v Rochdale Vil., Inc., 109 AD3d 867, 867).
Here, in support of their motion, the defendants submitted, inter alia, a copy of the settlement agreement that had been executed by the plaintiff in connection with the discontinuance of the disciplinary proceeding that had been brought against him. Contrary to the plaintiff's contention, the terms of the release contained in the settlement agreement clearly and unambiguously encompass this action (see Miller v Brunner, 164 AD3d 1228, 1231; Herson v Kalenscher- Kirschenfeld, 164 AD3d 481, 482; Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC, 106 AD3d 955, 956). In opposition, the plaintiff failed to allege any unlawful or wrongful threat by the NYCHA that could serve as the basis of a claim of duress, which was the only ground the plaintiff alleged to void the release (see Lopez v Muttana, 144 AD3d 871, 871-872). Accordingly, the release executed by the plaintiff should be enforced according to its terms. Under these circumstances, that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211(a) was properly granted.
In light of the foregoing, we need not reach the parties' remaining contentions.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court