CT 2525 Beverly, LLC, Respondent,
against
Judith Taylor, Appellant. 




Judith Taylor, appellant pro se.
Green & Cohen, P.C. (Adam M. Bernstein of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (David A. Harris, J.), dated September 6, 2018. The order denied a motion by occupant Judith Taylor to vacate a so-ordered stipulation of settlement dated February 7, 2018 in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
In this nonprimary-residence holdover proceeding, a so-ordered stipulation was entered into on February 7, 2018 in which it was agreed that the rent-controlled tenant of record had permanently removed from the apartment, that so much of the proceeding as was against her was discontinued, and that occupant Judith Taylor, who was claiming succession rights, would receive a waiver of arrears and a payment of $30,000 in return for her timely removal from the apartment by July 31, 2018. Occupant appeals from an order dated September 6, 2018 which denied her pro se motion to vacate the two-attorney so-ordered stipulation of settlement.
"It is well settled that stipulations of settlement are judicially favored and will not easily be set aside (see Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]). While stipulations of settlements may be vacated on grounds sufficient to set aside a contract, such as fraud, mistake, collusion or accident (see Nash v Yablon-Nash, 61 AD3d 832 [2009]), a party should not be relieved from the consequences of the stipulation, particularly one made in 'open court,' absent a sufficient or compelling showing of the above" (Cach, LLC v Woodsnajac, 42 Misc 3d 129[A], 2013 NY Slip Op 52165[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Occupant waited until the end of the stay period before moving to vacate the stipulation based, in effect, upon duress. The Civil Court properly denied the motion, as occupant had executed the stipulation while represented by counsel, and the stipulation provided her with valuable consideration (see Board of Mgrs. of Atrium Condominium v West [*2]79th St. Corp., 19 AD3d 241 [2005]).[FN1]


Moreover, we note that, contrary to occupant's argument on appeal, a defect in personal jurisdiction may be waived by entering into a stipulation settling an action (see Matter of Parkside Ltd. Liab. Co., 294 AD2d 582 [2002]; Condor Capital Corp. v Delva, 50 Misc 3d 138[A], 2016 NY Slip Op 50134[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). In the instant case, occupant waived her defense of lack of personal jurisdiction in the stipulation of settlement.

Accordingly, the order is affirmed.

WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: January 31, 2020



Footnotes

Footnote 1:As no issue is raised with respect to the propriety of continuing this nonprimary-residence holdover proceeding despite the discontinuance of so much of the proceeding as was against the tenant of record, we do not pass upon that issue.