21st Century Radiology & Imaging, P.C. v Dobtsis (2022 NY Slip Op 04707)

21st Century Radiology & Imaging, P.C. v Dobtsis

2022 NY Slip Op 04707

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2019-13022
 (Index No. 511510/19)

[*1]21st Century Radiology and Imaging, P.C., appellant,
v
Joseph Dobtsis, respondent.

Erik Ikhilov, Brooklyn, NY (Andrei A. Popescu of counsel), for appellant.
Levine & Blit, PLLC, New York, NY (Matthew J. Blit and Justin S. Clark of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 13, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross motion for summary judgment on the second cause of action.
ORDERED that the order is affirmed, with costs.
The defendant was employed by the plaintiff as a physician. In connection with that employment, the plaintiff obtained professional liability insurance on the defendant's behalf from Medical Liability Mutual Insurance Company (hereinafter MLMIC). The plaintiff paid the monthly premiums on the defendant's policy, but the defendant was the policyholder.
As discussed in Columbia Mem. Hosp. v Hinds (___ NY3d ___, ___, 2022 NY Slip Op 03306, *2), MLMIC was subsequently converted from a mutual insurance company to a stock insurance company. The plan of conversion provided for eligible policyholders to receive cash consideration in exchange for the extinguishment of their membership interests (see ___ NY3d at ___, 2022 NY Slip Op 03306, *2). To that end, a check was issued to the defendant in the net amount of $256,476.98. The check, however, was mailed to the plaintiff, which, upon receipt,
deposited the check in its own bank account. Since the check was in the defendant's name, the plaintiff's bank refused to clear the funds and froze the plaintiff's bank account pending verification from the defendant regarding the deposited check. Thereafter, the parties executed an agreement whereby the plaintiff, among other things, agreed to transfer the subject funds to the defendant and generally released the defendant from any claims and causes of action arising from the subject matter of the agreement.
The plaintiff subsequently commenced this action to recover the transferred funds. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint based on the release, among other things. The plaintiff opposed the motion, contending, inter alia, that the release was the product of duress, and cross-moved for summary judgment on the second cause of action, alleging unjust enrichment. In an order dated November 13, 2019, the Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]; see Ivasyuk v Raglan, 197 AD3d 635, 636). "A release may be invalidated, however, for any of the traditional bases for setting aside written agreements," including duress (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276 [internal quotation marks omitted]; see Ivasyuk v Raglan, 197 AD3d at 637). "A contract is voidable on the ground of duress when it is established that the party making the claim was forced to agree to it by means of a wrongful threat precluding the exercise of . . . free will" (Austin Instrument v Loral Corp., 29 NY2d 124, 130; see Lopez v Muttana, 144 AD3d 871).
Here, the plaintiff failed to allege any unlawful or wrongful threat by the defendant that could serve as the basis for a claim of duress (see Herson v Kalenscher-Kirschenfeld, 164 AD3d 481, 482; Lopez v Muttana, 144 AD3d 871). To the contrary, the defendant was not required to consent to the release of the subject funds to the plaintiff so as to immediately release the restraint of the plaintiff's bank account (see generally 805 Third Ave. Co. v M.W. Realty Assoc., 58 NY2d 447, 453).
Accordingly, since the terms of the release clearly and unambiguously encompass the causes of action asserted in this action, the defendant's motion to dismiss the complaint was properly granted, and, for the same reason, the plaintiff's cross motion for summary judgment on the second cause of action was properly denied (see Herson v Kalenscher-Kirschenfeld, 164 AD3d at 482).
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court