Coffey v Butler (2023 NY Slip Op 50694(U))

[*1]

Coffey v Butler

2023 NY Slip Op 50694(U)

Decided on June 23, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LOURDES M. VENTURA, JJ.

2022-812 RI C

Gordon Martin Coffey, Respondent,
against
Eartha Gail Butler Also Known as Eartha Lee Butler, Appellant, Shauntaya Butler, Shaheen Butler, Shamel Butler, Shakeen Moye, Shakeena Moye, Shaheena Moye, "John Doe" and "Jane Doe", Tenants. 

Eartha Gail Butler, appellant pro se.
Nichole E. Lee, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Richmond County (Eleanora Ofshtein, J.), entered September 8, 2022. The order, insofar as appealed from, denied tenant Eartha Gail Butler's motion to, in effect, vacate stipulations of settlement in a holdover summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this holdover proceeding, commenced February 3, 2020, to recover possession of an unregulated apartment, landlord and Eartha Gail Butler (tenant) entered into a so-ordered, two-attorney stipulation on March 6, 2020. They agreed therein to the entry of a final judgment and the issuance of a warrant, that tenant would vacate by September 5, 2020, and that execution of the warrant was stayed through that date. By motion dated August 17, 2020, landlord moved for, among other things, an order allowing the execution of the warrant of eviction, which motion was necessitated by the stay on evictions in place during the beginning of the COVID-19 pandemic. In an order dated October 20, 2020, the Civil Court granted landlord's motion allowing execution of the warrant after a stay through "January 2, 2020 [sic]," despite tenant's failure to demonstrate efforts to relocate. Tenant then signed a hardship declaration, dated January 28, 2021, further staying execution of the warrant (see COVID-19 Emergency Eviction [*2]and Foreclosure Prevention Act of 2020, L 2020, ch 381, part A, § 8 [a]). By motion dated January 18, 2022, landlord moved for, among other things, an order allowing execution of the warrant of eviction. The parties settled the motion in a March 9, 2022 stipulation which stayed execution of the warrant through September 10, 2022. On August 30, 2022 tenant filed two motions, one of which was to restore the proceeding to the calendar. Tenant appeals from so much of a September 8, 2022 order of the Civil Court (Eleanora Ofshtein, J.) as denied the motion to restore, describing it as seeking "to vacate the agreements."
On appeal, tenant argues generally, among other things, that the stipulations entered into in this case should not be enforced. It is well settled that stipulations of settlement are judicially favored and will not easily be set aside (see Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]). While stipulations of settlement may be vacated on grounds sufficient to set aside a contract, such as fraud, mistake, collusion or accident (see Nash v Yablon-Nash, 61 AD3d 832 [2009]), a party should not be relieved from the consequences of a stipulation, particularly one made in open court, absent a "compelling showing of the above" (Cach, LLC v Woodsnajac, 42 Misc 3d 129[A], 2013 NY Slip Op 52165[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Tenant failed to show good cause to vacate either of the stipulations, which were executed while she was represented by counsel and which provided her with valuable consideration in the form of additional time in the apartment (see Board of Mgrs. of Atrium Condominium v West 79th St. Corp., 19 AD3d 241 [2005]). We note that this court does not consider factual assertions which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order, insofar as appealed from, is affirmed.
TOUSSAINT, P.J., BUGGS and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2023