534 36 W 152nd St HDFC v Days (2025 NY Slip Op 51489(U))

[*1]

534 36 W 152nd St HDFC v Days

2025 NY Slip Op 51489(U)

Decided on September 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570770/25

534 36 W 152nd St HDFC, Petitioner-Landlord-Respondent, 
against
Kimala Days, Respondent-Tenant-Appellant, and Dyle Days and Rondell Days, Respondents-Appellants.

Respondents appeal from an order of the Civil Court of the City of New York, New York County (Tracy Ferdinand, J.), dated October 16, 2023, which denied their motion to vacate a stipulation of settlement in a holdover summary proceeding.

Per Curiam.
Order (Tracy Ferdinand, J.), dated October 16, 2023, modified by remanding the matter to Civil Court for a determination of that branch of respondents' motion seeking a permanent accommodation; as modified, order affirmed, with $10 costs.
Civil Court properly determined that respondents failed to demonstrate good cause to vacate the stipulation settling this 2012 holdover summary proceeding, which was based upon allegations that the apartment occupied by tenant-respondent Kimala Days (Kimala) and her two adult sons was being used for illegal drug activity, namely, the sale of marijuana and cocaine (RPAPL 711 [5] and RPL 231 [1]; see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Matter of Frutiger, 29 NY2d 143, 149-150 [1971]). In any event, the substantial and inexcusable 9-year delay in seeking to vacate the stipulation warranted denial of her motion (see Pieter v Polin, 148 AD3d 1191, 1192 [2017]; Matter of Bouloy v Peters, 262 AD2d 209, 209-210 [1999]).
Civil Court did not decide that branch of respondents' motion requesting a reasonable accommodation (see generally Matter of Prospect Union Assoc. v DeJesus, 167 AD3d 540, 543-544 [2018]). Thus, we remand the matter to Civil Court to consider that request in the first instance (see Italian Elegant Jewelry, LLC v Fteha, 206 AD3d 493, 495 [2022]), upon further [*2]submissions, if warranted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 23, 2025